**FUTURAMA IMPORT CORPORATION, Plaintiff,**

v.

**KAYSONS INTERNATIONAL OF MIAMI, INC.; Kaysons International Ltd.; United Factors, Division of United Merchants and Manufacturers, Inc., Defendants.**

**Civ. No. 556–68.**

United States District Court
D. Puerto Rico.

Oct. 23, 1969.

Federico A. Cordero, Condominio San Martín, Santurce, P. R., for plaintiff.

Antonio M. Bird, San Juan, P. R., for defendant, Kaysons International, Ltd.

Nachman, Feldstein, Laffitte & Smith, San Juan, P. R., for defendants.

## ORDER AND MEMORANDUM OPINION

FERNANDEZ-BADILLO, District Judge.

This declaratory judgment proceeding was commenced in the Superior Court of Puerto Rico, San Juan Part, and removed to this Court on August 29, 1968 by co-defendant United Merchants and Manufacturers, Inc. (hereinafter referred to as United Merchants) on the ground that federal jurisdiction existed by reason of complete diversity of citizenship between the parties. The verified petition for removal was brought solely on behalf of United Merchants while the other two co-defendants, Kaysons International of Miami, Inc. and Kaysons International, Ltd., were not joined in said petition nor was any reason given for the failure to do so. On September 3rd, 1968 plaintiff moved to remand claiming that the controversy presented did not exceed the requisite jurisdictional amount of $10,000.00. Briefs were filed by plaintiff and by the removing party and on November 14, 1968 this Court entered an Order stating that "the sole question to be determined is whether the amount involved is sufficient to clothe this Court with jurisdiction". Satisfied that the requisite jurisdictional value was present the Motion to Remand was denied. Shortly thereafter, plaintiff moved the Court to reconsider its previous order alleging

that remand was warranted for the following reasons:

(1) The jurisdictional standards had not been satisfied;

(2) 28 U.S.C. Sec. 1332, as amended, is unconstitutional; and

(3) 48 U.S.C. Sec. 863 is not applicable to the present case.

The Motion for Reconsideration came on for hearing on November 29, 1968 and argument of counsel was heard. The Court allowed time within which to file memoranda and instructed the parties to discuss in their briefs the controversy as to the applicability of 48 U.S.C. Sec. 863 and the issue of joinder of all party defendants in the petition for removal. The parties have complied with this directive and the Court, duly advised in the premises, proceeds to discuss the issue of joinder of multiple defendants in the removal petition.

■ It is the generally established rule that all defendants named in the complaint and which have been served must join in the petition for removal. Nowell v. Nowell, 272 F.Supp. 298 (D.C.Conn., 1967) 1 A Moore's Federal Practice, § 0.157(7) p. 266 (2nd Ed. 1965); Morales Serrano v. Playa Associates, Inc., 390 F.2d 593 (1st Cir., 1968). An exception to the general rule is the situation given when the non-joined is a non-resident defendant who has not been served in time to join in the removal petition. Norwich Realty Corp. v. United States Fire Insurance Co., 218 F.Supp. 484, 486 (D.C.Conn., 1963). Petitioner cites in its brief the case of Pullman Co. v. Jenkins, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939), in support of the fact that there are exceptions to the general rule of joinder. This is certainly so. However, the *Pullman* case is clearly distinguishable from the case at bar and this is obvious from the very words of the Supreme Court opinion, where it is said:

*"At the time of the petition for removal the Pullman porter had not yet been served with process. Where there is a non-separable controversy with respect to several non-resident defendants, one of them may remove the cause, although the other defendants have not been served with process and have not appeared. \* \* \* In such a case there is diversity of citizenship, and the reason for the rule is stated to be that the defendant not served may never be served, or may be served after the time has expired for the defendant who has been served to apply for a removal, and unless the latter can make an effective application alone, his right to removal may be lost. \* \* \* But the rule is otherwise where a non-separable controversy involves a resident defendant. In that case the fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant."* (Emphasis supplied.)

■ In the instant case all three defendants are non-residents and the two non-joining defendants were served with process on the same date that the removing defendant was served.[1] Therefore, the present suit does not fall within the exception which is permissible when the non-joined defendant is a non-resident who has not been served in time to join in the petition for removal. Service of process was made on all three non-resident defendants pursuant to Rule 4.7 of the Rules of Civil Procedure for the General Court of Justice of the Commonwealth of Puerto Rico, 32 LPRA, App. II, R–4.7. The receipts for certified mail which have been annexed to plaintiff's memorandum indicate that actual notice of the complaint and summons was had by all defendants on August 16, 1968. Pur-

---

1. United Merchants did not fully comply with the requirements of 28 U.S.C. § 1446 since it did not accompany "a copy of all process" with the petition for removal. Copies of all process and the receipts for certified mail were later brought before this Court when the plaintiff asked for reconsideration of the November 14, 1968 order denying remand and briefs were filed by both parties containing these as exhibits.

suant to said rule copies of the summons and of the initial pleading were also served upon an Assistant Secretary of State on August 20, 1968 as statutory agent of each of the three defendants. It is clear that when the petition for removal was filed on August 29, 1968 there was proof on the record that all three defendants had been served with process by way of the method of substitute service. Notwithstanding this fact there is no allegation or reason given in the removal petition which would explain why the other two defendants were not included therein. In discussing the contents of a petition for removal as required by 28 U.S.C. § 1446. Moore comments:

> "It is not enough that a valid basis for removal exists. The ground(s) must be set out in the removal petition; and the petition should not leave any issue, as to the prima facie right to remove, at large. Thus where the suit involved multiple defendants and one or more of the defendants does not join in the petition, better practice dictates that the petition expressly indicate why, e. g., that he is a nominal party or was not served at the time of filing the petition." 1 A Moore's Federal Practice Sec. 0.168(3–4) pp. 1201, 1202, Second Edition.

There are situations where the removal petition has been found to be fatally defective where one or more of the defendants have been disregarded and no explanation was given for the non-joinder. Heckleman v. Yellow Cab Transit Co., 45 F.Supp. 984, 985 (E.D.Ill.1942) cited in McMahan v. Fontenot, 212 F.Supp. 812, 813, 814–815 (W.D.Ark.1963); Gratz v. Murchison, 130 F.Supp. 709, 713 (D.Del. 1955).

In its efforts to avoid remand, petitioner United Merchants contends for the first time in its memorandum that even if joinder of the other defendants were required generally in the circumstances of this case there are other reasons why remand would not be proper. Setting aside for the moment the obligation of petitioner to make proper allegations of fact in the petition for removal which would justify invoking federal jurisdiction without joining the other co-defendants, the Court deems it proper to discuss these contentions of the removing defendant.

■ Defendant United Merchants has claimed that "there was absolutely no way in which [it] could determine whether the other defendants were required to appear within the time fixed for removal since plaintiff did not comply with Rule 10.1 of the Rules of Civil Procedure for the General Court of Justice of the Commonwealth of Puerto Rico, 32 LPRA, App. II, R. 10.1". This rule, in its pertinent part, provides:

> " * * * if service of process is made pursuant to Rule 4.7, the defendant shall serve an answer within a reasonable time fixed by the court, which shall not be less than 30 days after the mailing, by registered mail, of a copy of the summons and of the complaint."

No such order was obtained by plaintiff. It should be borne in mind, however, that this rule contemplates the period within which a defendant shall serve an answer in an action, that is, it deals with the appearance of a defendant after process has been made. The removal statute,[2] unequivocally provides that the thirty day period within which to file the petition for removal is to run *from the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based.* This section does not say that the statutory period begins to run when appearance is made by the defendant. It deals, rather, with the receipt of actual notice to the defendant and there is certainly no doubt that in the present case actual notice of the proceedings came to the defendants. This is clearly disclosed by the record In the case of Norwich Realty Corp. v. United States Fire Insur-

2. 28 U.S.C. Sec. 1446(b).

ance Co., *supra*, the removing defendants tried to excuse the failure to join a non-resident who had been served in time by claiming "that the petitioning defendants were not aware of the identity of the attorney representing the non-joining defendant because he did not enter his appearance in the state court proceedings until after the time for filing the petition had elapsed." The Court remanded the case and concluded that:

"Whether looked at from the standpoint of the petitioning defendants or the remaining defendant, these were hardly circumstances wholly beyond their control. Since concordance of all defendants is required, some affirmative action by each and every one of them is required."

In Moosbrugger v. McGraw-Edison Company, 215 F.Supp. 486, 488 (D.C. Minn.1963), where the plaintiff's motion to remand was granted, the Court went even further saying:

"The defendants who caused removal to this court complain that although Econ had been served, there was no indication of record about such service. This they claim made difficult their attempt to get all the defendants to join in the petition to remove. This contention is not persuasive. Econ was a named defendant and a customer of McGraw. Defendant McGraw could easily have located and ascertained from Econ whether it had been served and if it would join in the petition to remove."

The Court is convinced that United Merchants has failed to comply with a necessary requirement of the proper procedure for removal. The circumstances of this case do not justify either the exclusion of the remaining defendants from the petition for removal because of mere non-appearance or the complete absence from said petition of an excuse which might possibly condone such non-compliance. Neither is this Court moved by petitioning defendant's argument that the parent corporation, co-defendant Kaysons International Company Ltd., has consented to removal by appearing before this court with a Motion to Quash or to Dismiss and by not protesting removal at any time. The fact that Kaysons International Ltd. has appeared specially in this action to attack personal jurisdiction does not in any manner indicate a positive assertion and willingness of joining the removal. There was no obstacle to its joining the other removing defendant within the thirty day mandatory period. This defendant was disregarded by the removing petitioner at the time of removal and indeed no affirmative action was taken on its part to so join. We cannot construe its course of action in this case as a consent to joinder. In the case of McMahan v. Fontenot, *supra*, where it was alleged that the filing of his answer by the non-removing defendant was tantamount to joining in the petition for removal, the court at page 817 of 212 F.Supp. said:

"It is doubtful whether the filing by the defendant Langston of his original answer on August 1, 1962, twenty-one days after service of the summons, could be construed as an adoption by him of the petition for removal filed by his co-defendant. The court does not believe that such practice should be condoned or approved, and certainly it should not be held that the filing of an answer by a non-removing joint defendant after the lapse of the 20-day period, and in the absence of any action on the part of the plaintiffs to estop them from filing a motion to remand, or any facts that would make sua sponte action by the court unjust, is sufficient to give the court jurisdiction by reason of the removal by only one defendant."

The district court also cites in its opinion the case of Peter Holding Co. v. Le Roy Foods, 107 F.Supp. 56 (D.N.J., 1952) where the right of removal was lost when one of the defendants neither joined in the petition for removal nor filed its consent to join in the same. The court refused to construe the filing of a protective answer and cross claim as a consent to joinder.

The above discussion leads to the final argument proposed by petitioner relative to the non-joinder of the parent corporation, Kaysons International Ltd. It is alleged that this corporation has no interest in the action and that it is a fraudulent defendant, placing, therefore, no obligation upon the removing party to call upon it to join in the removal proceedings. The complaint alleges that the defendant Kaysons International of Miami, Inc. is a corporate instrumentality dominated and controlled by Kaysons International Ltd. which is a California enterprise and in its prayer for relief plaintiff requests, among other things, that this Court "prohibit each of the defendants from commencing any action against the plaintiff to collect any sum in excess of $2,102.95 as a result of the transactions described in this complaint." The Court understands that the alleged interlocking business activities of parent and subsidiary corporations, the relationship of the parties and the relief prayed for in this action for declaratory judgment warrant the conclusion that the parent corporation named as Kayson's International Ltd. is a proper party in interest. Furthermore, petitioner United Merchants made no allegations of fraudulent joinder of said corporation in the petition for removal. It has neither alleged with particularity nor proved with certainty the fraudulent joinder of this defendant, Interstate Bakeries Corporation v. McKee Baking Company, 248 F. Supp. 946 (W.D.Mo., 1965). There is no convincing proof offered by defendant United Merchants that this corporate defendant was joined with the purpose of defeating removal or that there was bad faith in its joinder as a party to this action. Parks v. New York Times Company, 308 F.2d 474, 478 (5th Cir., 1962); El Dorado Springs R–2 School Dist. v. Moos, 264 F.Supp. 815 (D.C.Mo., 1967).

For the reasons aforementioned the Court concludes that remand is required. It is not necessary to enter into the issue of the applicability of 48 U.S.C. Sec. 863 since remand is sufficiently justified on the strength of the reasons and authorities discussed earlier relative to fatal procedural irregularities which make this a case which has been improvidently removed from a court of the Commonwealth of Puerto Rico. It is now ordered that the Motion of plaintiff to Reconsider the Order of November 14, 1968 denying remand of this cause to the Superior Court of the Commonwealth of Puerto Rico, San Juan Part, be, and the same is hereby granted.

It is further ordered that this cause be remanded to said court, as not properly removable to this Court and that the Clerk this day serve a certified copy of this Order of Remand by mail upon the Clerk of the Superior Court of the Commonwealth of Puerto Rico, San Juan Part, in accordance with 28 U.S.C. Section 1447(c).