PONCE FEDERAL BANK, FSB, Plaintiff,

v.

INSTITUTO MEDICO DEL NORTE, INC., et al., Defendants.

Civ. No. 86–1153(PG).

United States District Court, D. Puerto Rico.

Sept. 5, 1986.

Eugenio Otero Silva, San Juan, P.R., for plaintiff.

Cancio, Nadal & Rivera, San Juan, P.R. by Heber E. Lugo Rigau, for defendant Instituto Medico del Norte, Inc.

Ramirez, Latimer & Biaggi, Santurce, P.R. by Carlos G. Latimer, for defendants Dr. Enrique Vazquez Pares and Eduarda Pabón.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

The matter is before this Court on co-defendant Instituto Médico del Norte, Inc.'s (Instituto Médico) petition for removal and plaintiff, Ponce Federal Banks's (Ponce Federal), motion to remand and/or entry of judgment. Responsive pleadings were filed, thus the matter is ripe for disposition.

Ponce Federal raises various issues why removal was inappropriate in this case. We agree with Ponce Federal although for somewhat different reasons.

Instituto Médico claimed as its basis for removal the provisions of 12 U.S.C. § 632. Section 632 provides that any defendant in a civil suit arising out of transactions involving banking in a dependency or insular possession of the United States "may, at any time before the trial thereof, remove such suits from a State court into the district court of the United States ... by following the procedure for the removal of causes otherwise provided by law."

Plaintiff in this case filed a complaint in the Superior Court of Puerto Rico, Bayamón Part, against Instituto Médico and various other co-defendants requesting the collection of certain monies and the foreclosure of a mortgage constituted to secure the payment of said debt. The complaint was filed on May 1, 1986, and on various dates between May 5, 1986, and May 30, 1986, the summons, together with a copy of the complaint, an interrogatory and the motion requesting that a receiver be appointed were served upon the various co-defendants.

Instituto Médico filed several motions in the Superior Court requesting that it be granted a term to answer the complaint, the interrogatory and the request for admissions and to submit its opposition to Ponce Federal's motion for summary judgment previously filed. The Superior Court entered various orders requiring Instituto Médico to answer the interrogatory by July 11, 1986. The orders also required Instituto Médico and other co-defendants to express themselves with respect to the motion for summary judgment on or before July 11, 1986. The orders also granted Instituto Médico until July 14, 1986, to answer the request for admissions.

On July 11, 1986, however, the last day Instituto Médico had to answer the complaint and the interrogatory and to express itself with respect to the motion for summary judgment, Instituto Médico delivered to Ponce Federal a copy of a petition for removal, together with a notice of removal and a request for leave to file certified English translations. Instituto Médico also delivered copies of certain documents pertaining to the case before the Superior Court.

The issue before this Court is whether all defendants in the Superior Court of Puerto Rico must have joined in the removal petition and whether the petition was timely.

Section 1441 refers to "A defendant or defendants" desiring to remove while section 632 refers to "any defendant". It is a well-established rule under 28 U.S.C. § 1441 that all the defendants who are necessary and not merely nominal parties must be joined in the removal petition.[1]

1. There is no question that defendants who are jointly and severally liable to a contract obligation must join in a removal petition. *See,*

See, 1A Moore's Federal Practice, ¶ 0.168 [3.2], p. 547 (2nd ed. 1986). In *Wenzoski v. Citicorp*, 480 F.Supp. 1056 (N.D.Cal.1979), however, the court held that under 12 U.S.C. § 632 unanimity among defendants was not required for removal. We respectfully disagree.

█ Although section 1441 does not expressly provide that all defendants must join in the removal petition, courts have vehemently insisted in this requirement. We shall require the same for removal petitions under Section 632. There being no legislative history on this matter, we must presume that absent a clearer intention of Congress to the contrary, Section 632 was intended to parallel Section 1441, the general removal statute. Furthermore, removal statutes should be strictly construed and all doubts should be resolved against removal. See cases cited in 14A Wright, Miller & Cooper, *Federal Practice and Procedure*, § 3721, p. 216 (2nd ed. 1985).

Section 632 did not provide that any defendant among many could petition for removal. Therefore, absent a clearer directive, the phrase "any defendant" must be construed as "A defendant or defendants."

Wherefore, not having all defendants joined in the petition, the case was not removable. *See, Committee of Interns and Residents v. New York State Labor Relations Board*, 420 F.Supp. 826 (S.D.N.Y.1976); *Glenmede Trust Co. v. Dow Chemical Co.*, 384 F.Supp. 423 (E.D.Pa. 1974).

To answer whether the removal petition was timely, we must construe the scope of section 632 which permits removal "at any time before trial [but] by following the procedure for the removal of causes otherwise provided by law." Instituto Médico argues for the literal construction of Section 632 so that removal is permitted at any time before trial. We respectfully disagree.

The legislative history contains no hint of either the meaning or the purpose of this provision. In fact, Senator Glass, the sponsor of the bill, stated when asked of this jurisdictional provision, that he was not familiar with the technicalities of this provision. 75 Cong.Rec. 9889 (1932). Furthermore, there appears to be only two recorded cases construing the language of the jurisdictional provision. The court in *Aktiebolaget Svenska Handelsbanken v. Chase Manhattan Bank*, 69 F.Supp. 833 (S.D.N.Y.1947), held that a hearing on a motion for judgment on the pleadings but before a decision on the motion constituted a trial within the meaning of Section 632. The court remanded the case on the ground that removal was untimely. In *Manas y Piñeiro v. Chase Manhattan Bank, N. A.*, 443 F.Supp. 418 (S.D.N.Y.1978), the court remanded the case because the petition for removal was filed after two motions for summary judgment were denied.

█ We, however, go further than the above two cases and hold that the thirty-day limitation of Section 1446 is applicable to Section 632.

The phrase "at any time before trial" is limited by the other phrase "by following the procedure for the removal of causes otherwise provided by law." The "otherwise provided by law" must refer to general removal statute of Section 1446, which provides:

The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

"At any time before trial" is the range given by Congress to which removal is permitted but subject to the thirty-day limi-

*Futurama Import Corp. v. Kaysons International*            *of Miami, Inc.*, 304 F.Supp. 999 (D.P.R.1969).

tation of Section 1446, the procedural removal section of the general removal statute, 28 U.S.C. § 1441.

Aside from the language of the statute, our conclusion is based, absent legislative history on the matter, on the common sense principle that Congress could not have permitted such an inefficient period in which to file for removal. The policy of the removal statute could not have been to give defendants an unfair advantage over plaintiffs by giving the former an extra tool to delay proceedings.

Instituto Médico's petition for removal was filed more than thirty days after receipt of a copy of the complaint. Therefore, the petition was untimely and rendered the case not removable. *Díaz v. Swiss Chalet*, 525 F.Supp. 247 (D.P.R. 1981).

WHEREFORE, in light of the applicable law and jurisprudence, the case is hereby REMANDED to the Superior Court of Puerto Rico, Bayamón Part.

The Clerk shall enter judgment accordingly.

IT IS SO ORDERED.