In the Matter of the Arbitration Between **EMPLOYERS INSURANCE OF WAUSAU, a Mutual Company, Petitioner,**

v.

**CERTAIN UNDERWRITERS AT LLOYD'S, LONDON and Certain London Market Insurance Companies, Respondents.**

No. 92–C–0076–C.

United States District Court,
W.D. Wisconsin.

March 23, 1992.

Douglas J. Klingberg, Ruder, Ware & Michler, Wausau, Wis., for Employers Ins. of Wausau.

William D. Mollway, Madison, Wis., for Certain Underwriters at Lloyd's, London and Certain London Market Ins. Companies.

## OPINION AND ORDER

CRABB, Chief Judge.

This petition to compel arbitration is before the court on respondents' second notice of removal. Petitioner opposes the removal, contending that respondents should not be permitted to remove on a ground that could have been presented in the first removal petition they filed pursuant to 28 U.S.C. § 1441(b) and because all of the respondents have not joined in the removal petition. Respondents assert that 9 U.S.C. § 205 entitles them to remove the action at "any time" and does not require all respondents to join in the petition for removal.

I conclude that 9 U.S.C. § 205's provision that "[t]he procedure for removal of causes otherwise provided by law shall apply" mandates that general removal law will govern those issues not covered specifically

by § 205, which means that all respondents were required to join in the removal petition. I am persuaded also that respondents should not be permitted a second attempt to remove this case based on a ground that could have been presented in the first notice of removal. For these two reasons, the case will be remanded to state court.

For the sole purpose of deciding this motion, I find from the complaint and from the procedural history that the following material facts are undisputed.

## UNDISPUTED FACTS

Employers Insurance of Wausau is a Wisconsin corporation with its principal place of business in Wausau, Wisconsin. Respondent Underwriters at Lloyd's are individuals engaged in the business of underwriting insurance and reinsurance risks at Lloyd's of London, England. Respondents "Certain London Market Insurance Companies" are corporations doing business in London, England. At all times relevant to this complaint, respondents did business with petitioner and entered into contracts with it.

Petitioner and respondents are parties to certain contracts of reinsurance, referred to as "blanket excess retrocessional reinsurance treaties." Pursuant to the reinsurance treaties, respondents agreed to be bound by petitioner's loss settlements. In 1984, petitioner began making and paying asbestos loss settlements, and submitted proofs of loss to respondents for payment of respondents' share of the settlements under the reinsurance treaties. Respondents began to deny payment for such loss settlements on August 22, 1988.

Petitioner commenced this action in the Circuit Court of Marathon County, Wisconsin, on August 19, 1991, naming as respondents "certain Underwriters at Lloyd's London," "certain London companies," London, El Banco, St. Helens Insurance Company, Ltd., and La Preservatrice Fondore Assurances. Service of a petition to compel arbitration on all respondents was accomplished on that date. The petition cited the contractual "service of suit" clause that stated:

It is agreed that in the event of the failure of Reinsurers hereon to pay any amount claimed to be due hereunder, Reinsurers hereon, at the request of the reinsured, will submit to the jurisdiction of any Court of competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.

The petition advised respondents that any attempt to remove the cause from the jurisdiction of the Marathon County Circuit Court would be regarded as a further breach of contract by respondents.

Respondents removed the action to this court on September 9, 1991. The notice of removal did not include as respondents El Banco, St. Helens Insurance Company, Ltd., or La Preservatrice. Respondents did not explain their absence. On November 29, 1991, respondents moved to amend the notice of removal to cite 9 U.S.C. § 205 as a ground for removal.

On January 6, 1992, the case was remanded to the Circuit Court for Marathon County, Wisconsin on the ground that the original notice was procedurally defective in failing to name all of the respondents. I concluded that an untimely amendment of the defective notice could not be permitted.

On January 30, 1992, respondents filed a second notice of removal pursuant to 9 U.S.C. § 205. Again, the notice did not include as respondents El Banco, St. Helens Insurance Company, Ltd., or La Preservatrice, and it did not include an explanation for their absence.

## OPINION

General removal law is clear. Proceeding under the premise that "federal court[ ] jurisdiction under the removal statutes constitutes an infringement upon state sovereignty," statutory removal provisions are subject to strict construction. *See, e.g., Fellhauer v. City of Geneva,* 673 F.Supp. 1445, 1447 (N.D.Ill.1987) (citing *Shamrock Oil Corp. v. Sheets,* 313 U.S. 100, 108–09,

61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941)). The removing party bears the burden of establishing the propriety of the removal. If the propriety of the removal is doubtful, federal courts should reject the case *Id.* Generally, all defendants must join in a removal petition in order to effect removal. *Northern Illinois Gas Co. v. Airco Indus. Gases,* 676 F.2d 270, 272 (7th Cir.1982). If they do not, defendants bear the burden of explaining affirmatively why any co-defendants are not included in the removal petition. *Crete Oil Co. v. Dunham,* No. 91 C 3253, 1991 WL 152898 (N.D.Ill. July 31, 1991).

### Failure to Name All Respondents

■ The first issue is whether the § 205 removal petition is defective because all respondents failed to join in it. 9 U.S.C. § 205 is part of the enabling legislation passed by Congress to enforce the Convention on the Recognition and Enforcement of Foreign Arbitral Awards. It provides in part:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court.... The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal.

Respondents attempt to distinguish § 205 from general removal law by arguing that the joinder rule applies only to the strict removal provisions of 28 U.S.C. § 1441(a)-(c). They contend that a more liberal construction is favored where removal statutes are designed specifically to bring cases into federal court, as shown, for example, in § 1441(d), relating to removal under the Foreign Sovereign Immunity Act.

Section 1441(d) provides that "Any civil action brought in a state court against a foreign state ... *may be removed by the*

*foreign state....*" (emphasis added). Consistently with the statute's plain language, the Fifth Circuit Court of Appeals has held that when a foreign state petitions for removal, the action is transferred to federal court, even if other defendants do not wish to remove the action. *Arango v. Guzman Travel Advisors Corp.,* 621 F.2d 1371, 1375 (5th Cir.1980). The Fifth Circuit has analogized the Foreign Sovereign Immunity Act to the Convention Act, finding that 9 U.S.C. § 205 and 28 U.S.C. § 1441(d) are similar in two respects: (1) they both permit removals based on the foreign domicile of the defendant and (2) § 1441(d) allows removal "at any time for cause shown," while § 205 allows removal "at any time before trial." *McDermott Int'l v. Lloyds Underwriters,* 944 F.2d 1199 (5th Cir.1991). The court concluded that Congress's intent in enacting the Foreign Sovereign Immunity Act was to establish a uniform body of law by channelling cases against foreign sovereigns away from the state courts and into federal courts; similarities between the two statutes indicated that Congress sought a unitary jurisprudence for Convention Act cases as well. *Id.* at 1212.

Respondents seek to extend the analogy between these two statutes, arguing that because the Foreign Sovereign Immunity Act does not require removal by all defendants, the Convention Act should be read in the same way. Although, as the Fifth Circuit pointed out, the two statutes have similarities, they are different in one important respect: the language in § 1441(d) provides for removal by "the foreign state;" § 205 tracks the language of § 1441(a) in this respect, and provides that "the defendant or the defendants" may remove. Moreover, although both statutes provide a federal forum, the policy favoring a federal forum appears to be stronger with respect to the Foreign Sovereign Immunity Act: "In view of the potential sensitivity of actions against foreign states and the importance of developing a uniform body of law in this area, it is important to give foreign states clear authority to remove to a Federal forum actions brought against them in State court." H.R.Rep. No. 94–1487, 94th

Cong., 2d Sess. 32 (1976), reprinted in 1976 U.S.C.C.A.N. 6604, 6631–6632. By contrast, in *McDermott* the court commented: "the language and history of the Convention Act indicate nothing other than Congress' intent to grant federal courts concurrent jurisdiction over the Convention cases and defendants a right to remove state-filed cases to federal court." *McDermott,* 944 F.2d at 1208 n. 12. Although the Fifth Circuit emphasized the importance of a federal forum to provide a unified interpretation of the Convention Act, it did so in the context of a forum selection clause in the parties' insurance policy. As important as concerns of uniformity are in Convention Act cases, they do not compel the conclusion that § 205 is to be read in exactly the same manner as § 1441(d). Section 205 does not give a preference to a foreign *company* to remove and its legislative history does not indicate a preference for federal courts to decide Convention Act cases over state courts. I conclude that § 205 and § 1441(d) are not similar enough to require reading § 205 as permitting removal by fewer than all of the respondents.

Respondents cite 28 U.S.C. § 1442(a)(1) in further support of their assertion that removal statutes are to be construed liberally when designed specifically to bring certain cases into federal court. 28 U.S.C. § 1442 provides:

> (a) A civil action ... commenced in a State court against any of the following persons may be removed by them to the district court....
>
> (1) Any officer of the United States or any agency thereof, or person acting under him....
>
> (2) A property holder whose title is derived from any such officer....
>
> (3) Any officer of the courts of the United States ...;
>
> (4) Any officer of either House of Congress....

This statutory language does not need liberal construction; it is clear that specific governmental employees can remove a case to federal court without regard to whether all defendants join in the removal. The Supreme Court "has held that the right of removal is absolute for conduct performed under color of federal office, and has insisted that the policy favoring removal 'should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1).' " *Arizona v. Manypenny,* 451 U.S. 232, 242, 101 S.Ct. 1657, 1664, 68 L.Ed.2d 58 (1981) (citing *Willingham v. Morgan,* 395 U.S. 402, 407, 89 S.Ct. 1813, 1816, 23 L.Ed.2d 396 (1969)). Respondents are not persuasive in their assertion that § 205 should be given the deference that § 1442(a)(1) is accorded. Nothing in the case law interpreting § 205 indicates that the policy governing arbitration agreements between foreign and domestic companies is as strong as the absolute policy regarding conduct performed under color of federal office. It would be a stretch to assume that it is.

A statute that does not clearly state a preference as to which particular defendant can remove is a better one against which to compare § 205. An example is the banking removal statute, 12 U.S.C. § 632, which provides that "any defendant ... may, at any time before the trial thereof, remove...." Although the reference to "any defendant" seems to allow removal even if all defendants do not join in the petition for removal, not all courts have read it this way. *See, e.g., Ponce Federal Bank, FSB v. Instituto Medico Del Norte,* 643 F.Supp. 424 (D.P.R.1986), in which the court interpreted the language to require all defendants to join in the petition. The court found "[t]here being no legislative history on this matter, we must presume that absent a clearer intention of Congress to the contrary, Section 632 was intended to parallel Section 1441, the general removal statute. Furthermore, removal statutes should be strictly construed and all doubts should be resolved against removal." *Id.* at 426. The court rejected the holding of *Wenzoski v. Citicorp,* 480 F.Supp. 1056 (N.D.Cal.1979), in which the court had concluded that the "any defendant" language of § 632 rendered unanimity in the removal petition unnecessary. *Id.* at 1058.

In § 632, the "any defendant" language left room for courts to differ about the need for all defendants to join in a removal petition. The same argument cannot be

made with respect to § 205. The language in § 205 as to who can remove does not deviate from the § 1441(a) model that civil actions "may be removed by *the defendant or the defendants.*" Moreover, the language in § 205 provides that "the procedure for removal of causes *otherwise provided by law shall apply.* (emphasis added)." Congress specified two exceptions: it gave additional time for removal and eliminated the requirement that the ground for removal should appear on the face of the complaint. Except for these two provisions, general removal law applies. The law "otherwise provided" requires that all defendants join in the removal petition. 9 U.S.C. § 205.

I conclude that respondents have not borne their burden of proving that 9 U.S.C. § 205 does not require that all defendants must join in a notice of removal. I conclude again that respondents' notice of removal again was procedurally defective for failing to name all of the respondents in the state court action. Although this finding alone is a sufficient basis for ordering a remand to state court, I will decide the remaining issue.

*Propriety of Removal under a Different Statute*

■■ A remand order is deemed conclusive as to matters that were "adjudged or could have been presented at that time as a basis for removal." 1A James W. Moore et al., Moore's Federal Practice, ¶ 0.169[3] (2d ed. 1991). General removal law permits defendants to file a second petition for removal if subsequent events make the case removable. *See, e.g., Central of Georgia Ry. v. Riegel Textile Corp.*, 426 F.2d 935 (5th Cir.1970) (after remand, state court severed claim against third party defendant; third party defendant could not have removed third party action but could remove direct action).

No such circumstance exists in this case. Respondents could have asserted 9 U.S.C. § 205 as a ground for removal in their first notice of removal. Indeed, they moved to amend that notice to add § 205 as an alternative ground for removal but their motion was denied as untimely. Under general removal law, respondents would not be permitted to remove this case a second time.

Respondents' strategy for rejecting application of general removal law in this instance is similar to that discussed in the preceding section: the policy objectives of § 205 are different from those of § 1441. Respondents assert, for example, that § 1441 is subject to strict time limitations whereas § 205 ignores considerations of judicial economy and efficiency by allowing a party to remove a case at any time before trial.

Petitioner asserts that respondents are entitled to only one chance at removal, as shown by the plain language of the Convention Act that states "[t]he procedure for removal of causes otherwise provided by law shall apply...."

Although respondents seek to portray the policy objectives of § 205 as favoring a liberal construction with respect to the "one-shot at removal" rule, they cite no legislative history or cases. With respect to their assertions that Congress thought it important to make a federal forum freely available for Convention Act cases, I agree that the language of § 205 evidences such an intent. The statute even provides a liberal procedure: defendants can remove an action at any time before trial and the ground for removal need not appear on the face of the complaint. However, nowhere have I found any indication that Congress intended that respondents should be permitted repeated efforts to remove several times before trial, based upon different statutes. Such actions could delay trial dates continuously and wreak havoc with the efforts of state and federal courts to manage litigation effectively. Such a result is manifestly at odds with the underlying purpose of the Convention, which is to expedite the resolution of commercial disputes between companies of different nations. As petitioner notes, respondents' actions have caused a six-month delay in the September 12, 1991 date for final adjudication of petitioner's petition to compel arbitration.

I cannot ignore the mandate that "[t]he procedure for removal of causes otherwise

provided by law shall apply ..." I conclude that respondents could have used 9 U.S.C. § 205 as a basis for removal in their first notice of removal. Their oversight should not be rewarded by giving them a second try at removal and a second chance to delay the arbitration of this dispute. This case will be remanded to state court.

## ORDER

IT IS ORDERED that petitioner's motion to remand this case to the Circuit Court for Marathon County, Wisconsin is GRANTED. The Clerk of Court for Marathon County, Wisconsin is GRANTED. The Clerk of Court is directed to transmit the record of the case to the Circuit Court for Marathon County, Wisconsin.