**Kay DOUGHTY, Massachusetts Commissioner of Insurance, in Her Capacity as Permanent Receiver of American Mutual Liability Insurance Company, Plaintiff,**

v.

**UNDERWRITERS AT LLOYD'S, LONDON, et al., Defendants.**

**CA No. 92–10941–T.**

United States District Court, D. Massachusetts.

Jan. 27, 1993.

Thomas A. Barnico, J. David Leslie, Raymond J. Brassard, Rackemann, Sawyer & Brewster, Boston, MA, for plaintiff.

Kenneth W. Erickson, and Matthew M. Burke, Ropes & Gray, Boston, MA, Mark A. Kreger, Lord, Bissell & Brook, Chicago, IL, for defendants.

Richard L. Neumeier, Parker, Coulter, Daley & White, Boston, MA, for National Union Fire Ins. Co.

Alan G. Miller, Sherri M. Rozansky, Morrison, Mahoney & Miller, Boston, MA, for New England Reinsurance Corp.

Joseph J. Leghorn, Linda A. Ouellette, Warner & Stackpole, Boston, MA, for The Reinsurance Corp. of New York.

## MEMORANDUM

TAURO, Chief Judge.

Plaintiff, Kay Doughty, Commissioner of Insurance for the Commonwealth of Massachusetts, as permanent receiver of American Mutual Liability Insurance Company ("AMLICO"), brings this action against defendants, various domestic and foreign reinsurance companies,[1] to recover proceeds allegedly due under several reinsurance contracts. The reinsurance contracts require defendants to be bound by certain loss settlements incurred by AMLICO. The present litigation arises out of defendants' allegedly improper failure to pay AMLICO for asbestos loss settlements first documented by AMLICO in December of 1986.

Presently before this court are plaintiff's motion to remand and motions by various defendants requesting this court to stay litigation and to compel arbitration. Binding arbitration clauses are alleged to exist in only a small fraction of the numerous reinsurance contracts at issue.

---

1. Of the nineteen foreign and domestic reinsurance companies named in the amended complaint, sixteen now remain in the case. Plaintiff's claims against defendants Hollandia Reinsurance Company of South Africa, Ltd. and Prudential Corporation, PLC were recently settled and this action dismissed as to them. General Reinsurance Company, Ltd. (of Amsterdam) and General Reinsurance Company, named as separate defendants in the amended complaint, are in fact the same entity.

## I

### Procedural History

On November 25, 1991, plaintiff commenced this action in the Superior Court of Suffolk County. An amended complaint was filed on December 26, 1991. On April 23, 1992, the foreign defendants removed the case pursuant to 9 U.S.C. § 205,[2] through which the United States acceded to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, T.I.A.S. No. 6992, 330 U.N.T.S. 38 (1958) (effective 1970) (the "Convention"). Section 205 of Title 9 provides, in part, that:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending.

9 U.S.C. § 205.

Although not formally joined in the petition, all of the domestic defendants assented to the removal of this case to federal court. *See* Notice of Removal ¶ 13; *see also* Certification and Notice of Assent. Because diversity is lacking, and no other federal questions have been raised, the allegations that this case falls under the Convention constitute the sole basis for federal jurisdiction.

## II

### Motion to Remand

Plaintiff presents a number of theories in support of her contention that this court should remand this case to the Suffolk County Superior Court. Among these theories is an argument that abstention is appropriate here, given that the underlying issues involve matters of great significance to the Commonwealth. *See Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). Another theory advanced by plaintiff is that defendants' failure to formally join all of the foreign defendants in its removal petition bars this action entirely.[3]

This court finds that, under the circumstances presented by this case, abstention is indeed warranted. Plaintiff's separate and independent theories in support of remand, therefore, need not be examined further.

## III

### Abstention

Under the analysis set forth by the Supreme Court in *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), federal courts should abstain from exercising jurisdiction over cases in which action by them might interfere with state policymaking or enforcement efforts in areas that are of primary concern to the state. As one court has explained, in *Burford*,

> [t]he Supreme Court held that where the state has a particular interest in a subject of regulation and has devised a unified scheme to deal with that interest, the federal courts should abstain from adjudicating disputes arising from such regulation.

*Corcoran v. Universal Reinsurance Corp.*, 713 F.Supp. 77, 79 (S.D.N.Y.1989) (abstaining from action brought by state insurance superintendent acting as liquidator of insolvent insurance company against reinsurers of the insolvent company).

By enacting Mass.Gen.L. ch. 175, §§ 6, 180A–180L, Massachusetts constructed a

---

2. Defendant St. Helen's Insurance Company, Ltd. ("St. Helen's") refused either to answer the complaint or to join the petition for removal and is currently in liquidation in Great Britain.

3. Plaintiff asserts that the failure of defendant St. Helen's to join in the petition for removal destroyed federal jurisdiction under 9 U.S.C.

§ 205, which requires "the defendant or the defendants" to remove any action. *See Employers Ins. of Wausau v. Certain Underwriters at Lloyd's*, 787 F.Supp. 165, 169 (W.D.Wis.1992). Defendants counter that St. Helen's insolvency and nominal status distinguish the present case from *Wausau*.

comprehensive framework for the liquidation of insolvent insurance companies. This court finds that continued federal litigation of this matter would disrupt the Commonwealth's complex regulatory system in two significant ways. First, it would interfere with the joint efforts of state officers and state courts to devise and efficiently operate a complex administrative and judicial system which defines the Commonwealth's insurer liquidation process. *See Corcoran v. Ardra Ins. Co.,* 657 F.Supp. 1223, 1230–33 (S.D.N.Y.1987), *appeal dismissed, mandamus denied,* 842 F.2d 31, 37 (2d Cir.1988); *see also Grimes v. Crown Life Ins. Co.,* 857 F.2d 699, 703–04 (10th Cir.1988), *cert. denied,* 489 U.S. 1096, 109 S.Ct. 1568, 103 L.Ed.2d 934 (1989). Second, continued federal litigation would create the risk that Massachusetts and the federal courts might adopt divergent interpretations of the general policy terms at issue here, thereby defeating the Commonwealth's important interest in uniformity. *See generally Gonzalez v. Media Elements, Inc.,* 946 F.2d 157 (1st Cir.1991); *Martin Ins. Agency, Inc. v. Prudential Reinsurance Co.,* 910 F.2d 249 (5th Cir. 1990); *Lac D'Amiante du Quebec v. American Home Assurance Co.,* 864 F.2d 1033 (3d Cir.1988). *But see Bilden v. United Equitable Ins. Co.,* 921 F.2d 822 (8th Cir.1990). Accordingly, this action should be remanded to the Suffolk County Superior Court.

### IV

#### Conclusion

For all the foregoing reasons, plaintiff's motion to remand is ALLOWED. Defendants' motions to stay litigation and to compel arbitration are DENIED without prejudice.