**PRODUCTION STAMPING
CORPORATION,**
Plaintiff,

v.

**MARYLAND CASUALTY COMPANY**
and Northbrook Property and Casualty Company, Defendants.

No. 93–C–112.

United States District Court,
E.D. Wisconsin.

Aug. 30, 1993.

Shepard A. Davis, Burton & Davis, Milwaukee, WI, for plaintiff.

Richard E. Schmidt, Christopher D. Wolske, Fellows, Piper & Schmidt, Milwaukee, WI, for defendant MD Cas. Co.

Dennis L. Fisher, Ken Iwinski, Meissner & Tierney, Milwaukee, WI, for defendant Northbrook Property and Cas. Co.

## DECISION AND ORDER

RANDA, District Judge.

This matter comes before the Court on motions by the plaintiff, Production Stamping Corporation ("Production"), to remand and to extend the time for serving its mandatory discovery responses. For the following reasons, the Court grants Production's motion to remand and denies the motion for an extension of time.

## FACTUAL BACKGROUND

Production filed this action in Milwaukee County Circuit Court on January 19, 1993. (Maryland's Notice of Removal at 1–2.) The defendants, Maryland Casualty Company ("Maryland") and Northbrook Property and Casualty Company ("Northbrook"), were properly served through the Office of the Commissioner of Insurance for the State of Wisconsin on January 21, 1993. (Production's Reply Brief at 2.) On February 3, 1993, Maryland removed this action to federal court based upon the Court's diversity jurisdiction. (Maryland's Notice of Removal at 1–2.) The removal petition, while lacking a separate signature from Northbrook or its counsel, contained the following assertion:

> That with the consent and agreement of defendant Northbrook Property and Casualty Company, Maryland Casualty Company files this Notice of Removal.

(Maryland's Notice of Removal at ¶ 1.)

Northbrook filed its answer in this Court on February 18, 1993. (Northbrook's Response to Motion to Remand at 2.) The answer did not state that Northbrook consented to the removal of the action from state court. The only reference to the forum for the lawsuit was Northbrook's response to a standard venue allegation contained in the original complaint. That response denied that "venue is proper under the Wisconsin Statutes as this cause was removed to the Eastern District of Wisconsin on February 3, 1993." (Northbrook's Answer at ¶ 5.) Production subsequently filed the present motion to remand.

Production contends that the case was improperly removed because Northbrook failed to join in or consent to the petition for removal. Production argues that Maryland's assertion of Northbrook's consent in the notice of removal is insufficient to properly join all defendants in the removal petition. Production also argues that Northbrook's filing of an answer in this Court does not constitute an explicit, unambiguous expression of consent. Maryland and Northbrook both contend that Maryland's assertion of Northbrook's consent in the notice of removal satisfies the statutory requirement for joinder. Alternatively, they contend that Northbrook's answer constitutes sufficient written indication of Northbrook's consent to removal. The Court agrees with Production.

## LEGAL ANALYSIS

Several well-established principles govern the propriety of removal petitions. First, the removal of civil cases to federal court is a serious infringement upon state sovereignty and should not be allowed without "[d]ue regard for the rightful independence of state governments...." *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *see also, Employers Ins. of Wausau v. Certain Underwriters at Lloyd's,* 787 F.Supp. 165, 166 (W.D.Wis.1992). Consequently, the provisions of the removal statute are strictly construed. *Employers Ins.,* 787 F.Supp. at 166. "A federal court should not extend its jurisdiction beyond the boundaries drawn by those provisions." *Mason v. International Business Machines, Inc.,* 543 F.Supp. 444, 445 (M.D.N.C.1982); *see also, Irving Trust Co. v. Century Export & Import, S.A.,* 464 F.Supp. 1232, 1236 (S.D.N.Y.1979); *Employers Ins.,* 787 F.Supp. at 166. When there is doubt as to the right to removal in the first instance, ambiguities are to be construed against removal. *Samuel v. Langham,* 780 F.Supp. 424, 427 (N.D.Tex.1992); *see also, Fellhauer v. Geneva,* 673 F.Supp. 1445, 1447 (N.D.Ill.1987). "The district court, in a challenged case, may retain jurisdiction only where its authority to do so is clear. Any other holding would detract from principles of federalism, comity, and the sovereignty of the several states." *Gorman v. Abbott Laboratories,* 629 F.Supp. 1196, 1203 (D.R.I.1986). "The removing party bears the burden of

showing that removal was proper." *Medical College of Wisconsin Faculty Physicians & Surgeons v. Pitsch,* 776 F.Supp. 437, 439 (E.D.Wis.1991). "This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Albonetti v. GAF Corporation–Chemical Group,* 520 F.Supp. 825, 827 (S.D.Tex.1981).

"As a general rule, all defendants must join in a removal petition in order to effect removal."[1] *Northern Illinois Gas Co. v. Airco Industrial Gases, Div. of Airco, Inc.,* 676 F.2d 270, 272 (7th Cir.1982); *Padden v. Gallaher,* 513 F.Supp. 770, 771 (E.D.Wis. 1981); *Samuel,* 780 F.Supp. at 427. Unanimity among the defendants must be expressed to the Court "within thirty days after the receipt by the defendant . . . of the copy of the initial pleading" containing the removable claim. 28 U.S.C. § 1446(b); *see also, Fellhauer,* 673 F.Supp. at 1447. This thirty-day time limitation is not jurisdictional and may be waived. *Getty Oil Corp., Div. of Texaco, Inc. v. Insurance Co. of North America,* 841 F.2d 1254, 1263 (5th Cir.1988). Nevertheless, the time limitation is mandatory and must be strictly construed. *Moody v. Commercial Ins. Co.,* 753 F.Supp. 198, 202 (N.D.Tex.1990); *Fellhauer,* 673 F.Supp. at 1447. Accordingly, if all the defendants do not join in or consent to the removal petition within the thirty-day period, "the district court shall remand the case . . . ." 28 U.S.C. § 1447(c); *see also, Mason,* 543 F.Supp. at 446; *Fellhauer,* 673 F.Supp. at 1447.

## I. MARYLAND'S ASSERTION OF CONSENT

"Although all defendants must join in the removal, the rule of unanimity does not require that all defendants sign the same notice of removal." *Creekmore v. Food Lion, Inc.,* 797 F.Supp. 505, 508 (E.D.Va.1992). "Non-petitioning defendants may simply consent to the removal of the action, thereby satisfying the substantive requirement that the defendants be unanimous in their choice of a federal forum." *Clyde v. National Data Corp.,* 609 F.Supp. 216, 218 (N.D.Ga.1985). The question is whether Maryland's bald assertion of Northbrook's consent, contained in the notice of removal itself, is a sufficient joinder of all defendants within the meaning of 28 U.S.C. § 1446.

Defendants contend that it is, and there is some support for their position. *See e.g., Jasper v. Wal–Mart Stores, Inc.,* 732 F.Supp. 104, 105 (M.D.Fla.1990) ("Additionally all defendants, served at the time of filing the petition, must join in the removal petition; the petition must be signed by all defendants or the signer must allege consent of all defendants."); *Chrysler First Financial Services Corp. v. Greenfield,* 753 F.Supp. 939, 941 (S.D.Fla.1991) ("The other defendants . . . have not joined in the United States' petition for removal, nor has the United States indicated on the face of the removal petition whether the remaining defendants agree to removal."). But the majority view is that the mere assertion in a removal petition that all defendants consent to removal fails to constitute a sufficient joinder. Each defendant must communicate his consent to the court by way of "an official filing or voicing of consent." *See, Knickerbocker v. Chrysler Corp.,* 728 F.Supp. 460, 461–462 (E.D.Mich. 1990), and cases cited therein. Or, as the 5th Circuit stated in *Getty Oil,* "there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action."[2] *Getty Oil Corp.,* 841 F.2d at 1262, n. 11. This is sound policy. By requiring each defendant to formally and explicitly consent to removal, one defendant is prevented from choosing a forum for all. *Greenfield,*

---

**1.** There are three well-recognized exceptions to the rule that all defendants must join in the removal petition: (1) Where a defendant was not yet served with process at the time the removal petition was filed; (2) where a defendant is merely a nominal or formal party-defendant; or (3) where the removed claim is a separate and independent claim under 28 U.S.C. § 1441(c).

*Moody v. Commercial Ins. Co.,* 753 F.Supp. 198, 200 (N.D.Tex.1990). Neither of these exceptions applies here.

**2.** Maryland's notice of removal did not allege that Northbrook authorized Maryland to speak on its behalf on the removal issue.

753 F.Supp. at 941. "To allow one party, through counsel, to bind or represent the position of other parties without their express consent to be so bound would have serious adverse repercussions, not only in removal situations but in any incident of litigation." *Creekmore*, 797 F.Supp. at 509. One of the primary reasons that separate parties have separate counsel is so that each can independently present their position to the court. *Id.*, at n. 9. Requiring an independent statement of consent from each defendant ensures that the Court has a clear and unequivocal basis for subject matter jurisdiction before taking the serious step of wrestling jurisdiction from another sovereign. Accordingly, Maryland's bald assertion of consent in its removal petition cannot sustain the removal of this action.

## II. NORTHBROOK'S ANSWER

Another question is whether Northbrook's answer is a sufficient written indication of consent. This question itself is twofold: (1) Whether an answer, by itself, constitutes a sufficient expression of consent; and (2) whether Northbrook's answer, containing the statement that venue under the Wisconsin Statutes is no longer proper because of the removal, constitutes a sufficient expression of consent. The Court addresses each issue in turn.

### A. The Answer Alone

■ As a general principle, it is clear that each defendant must consent to removal "officially", "affirmatively" and "unambiguously". *Creekmore*, 797 F.Supp. at 508–509. Beyond that, the case law is sparse and contradictory. Some courts infer consent from the filing of a timely answer. For example, in *Glover v. W.R. Grace & Co.*, 773 F.Supp. 964, 965 (E.D.Tex.1991), the court implied that a co-defendant could "manifest its consent" to removal by simply filing a timely answer in federal court. And in *Hernandez v. Six Flags Magic Mountain, Inc.*, 688 F.Supp. 560, 562 (C.D.Cal.1988), the court stated that a co-defendant *"arguably"* joined in the removal when it filed a timely answer in federal court. Other courts, however, do not so hold. Thus, in *McMahan v.*

*Fontenot*, 212 F.Supp. 812, 817 (W.D.Ark. 1963), the district court stated that "[i]t is doubtful whether the filing by the defendant Langston of his original [untimely] answer ... could be construed as an adoption by him of the petition for removal filed by his co-defendant. The court does not believe that such practice should be condoned or approved...." And in *Peter Holding Co. v. Le Roy Foods, Inc.*, 107 F.Supp. 56, 57 (D.N.J. 1952), the court stated that "[it cannot] be said that the fact that Dade Brothers, Inc., filed a protective answer and cross-claim in this court can be construed as a consent to joinder." Lastly, in *Futurama Import Corporation v. Kaysons International of Miami, Inc.*, 304 F.Supp. 999, 1003 (D.P.R.1969), the court found that one co-defendant did not properly consent to removal by filing a motion to dismiss in federal court. The court reasoned that the motion "[did] not in any manner indicate a positive assertion and willingness of joining the removal." *Id.*

The Court agrees with those who hold that the mere filing of an answer does not constitute a sufficient expression of consent. The law is clear that the expression of consent must be unambiguous and the filing of an answer, without more, is ambiguous. As an example, because the time for filing an answer (20 days) expires before the deadline for unanimous consent (30 days), the filing of an answer may be no more than a careful lawyer's decision to avoid the risk of default. Other inferences, therefore, are as reasonable as the inference that Northbrook's answer implies consent. Because competing, reasonable inferences exist, the mere filing of an answer is hardly a clear, unambiguous expression of consent.

Such reasoning does not exalt form over substance. The question at issue involves the Court's subject matter jurisdiction. As with all such questions, we begin with the fundamental principle, rooted in exceedingly good policy, that federal courts are courts of limited jurisdiction. This principle gains additional merit in the removal context, because removal constitutes a serious infringement upon state sovereignty. *Employers Ins.*, 787 F.Supp. at 166. Thus, the view that technical flaws in a removal petition "can be swept

away like so much dust seriously misunderstands the conditions under which the formidable power of the federal judiciary can—and should—be invoked." *Fellhauer,* 673 F.Supp. at 1449. These considerations are certainly more substantive than the simplistic notion that procedural flaws should be overlooked merely because they are procedural.

### B. Northbrook's Venue Response

■ Defendants' position does not gain additional strength by virtue of the venue response contained in Northbrook's answer. In the state court complaint, Production included a standard venue allegation stating that venue was proper under the Wisconsin Statutes. In its answer, Northbrook "denie[d] that venue is proper under the Wisconsin Statutes as this cause was removed to the Eastern District of Wisconsin on February 3, 1993." (Northbrook's Answer at ¶ 5.) Defendants argue that this response constitutes a sufficient expression of consent under the statute. The Court disagrees. Again, the law requires Northbrook's consent to be unambiguous, and the foregoing response is a mere *statement of fact that the matter was removed.* It does not go further to state that Northbrook also consents to removal. If it did, removal would be proper. It is in the nature of an answer to respond to every allegation contained in the complaint, and the Court cannot attach special significance to Northbrook's denial of the venue allegation.

**NOW THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion to remand is granted and the case is remanded to Milwaukee County Circuit Court for further proceedings.

2. Plaintiff's motion to extend time for serving its mandatory discovery responses is denied as moot.

**SO ORDERED.**