**TOM'S QUALITY MILLWORK, INC., Plaintiff,**

v.

**DELLE VEDOVE USA, INC. and Lindsay Machine, Inc., Defendants.**

No. 98–C–0387.

United States District Court, E.D. Wisconsin.

July 10, 1998.

Arik J. Guenther, Guenther & Haza, Campbellsport, WI, for Plaintiff.

Richard Carr, Reinhardt, Boerner, Van Deuren, Norris & Rieselbach, Milwaukee, WI, for Defendant Delle Vedove.

Sarah L. Rudolph, Tuchscherer Law Office, Wausau, WI, for Defendant Lindsay Machine.

### MEMORANDUM AND ORDER

ADELMAN, District Judge.

Plaintiff Tom's Quality Millwork, Inc., a Wisconsin corporation, brought this suit against defendants Delle Vedove USA, Inc., a North Carolina corporation, and Lindsay Machine, Inc., a Wisconsin corporation, in the Circuit Court for Fond du Lac County, Wisconsin. Plaintiff's suit relates to a contract between plaintiff and Delle Vedove according to which plaintiff agreed to purchase wood finishing equipment from Delle Vedove. Plaintiff claims that Delle Vedove failed to deliver the equipment in a timely manner and delivered equipment that did not adequately perform. Lindsay is not a party to the contract but allegedly brought the contracting parties together and participated in various discussions concerning the contract. Plaintiff makes four claims against both defendants: (1) breach of contract, (2) misrepresentation concerning the defendants' experience and knowledge, (3) misrepresentation concerning the equipment, and (4) negligence in connection with the "sale, installation and training of this pre-finishing line."

Delle Vedove, joined by Lindsay, timely removed the case to federal court based on alleged diversity of citizenship. Delle Vedove argues that plaintiff fraudulently joined Lindsay to defeat diversity jurisdiction. Defendants, then, filed separate motions to dismiss. Delle Vedove's motion argues that a forum selection clause in the contract requires that the case be litigated in North

Carolina, and that defendant's claim is barred by claim preclusion. Lindsay argues that the complaint fails to state a claim for relief. Plaintiff has not responded to the removal or to the motions.

■ The first question I need to address is whether removal to federal court is permitted in this case. If not, this court is without subject matter jurisdiction and must remand the case to state court. *Allen v. Ferguson*, 791 F.2d 611, 615 (7th Cir.1986). The removing party bears the burden of establishing the propriety of the removal. *Employers Ins. of Wausau v. Certain Underwriters at Lloyd's, London*, 787 F.Supp. 165 (W.D.Wis. 1992). If there is any doubt as to the right of removal, ambiguities are to be resolved against removal. *Production Stamping Corp. v. Maryland Cas. Co.*, 829 F.Supp. 1074 (E.D.Wis.1993).

Defendants argue that removal is appropriate under 28 U.S.C. § 1441(a) because there is diversity of citizenship. *See* 28 U.S.C. § 1332. A federal court has diversity jurisdiction, however, only when no party shares common citizenship with any party on the other side of the dispute. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 71 (7th Cir. 1992). The problem here is that Lindsay is a Wisconsin company, whose presence as a defendant appears to defeat complete diversity. Delle Vedove can overcome this problem, however, if it can show that the joinder of Lindsay as a defendant was fraudulent. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921); *Poulos*, 959 F.2d at 73.

■ Joinder is fraudulent when there are false allegations of jurisdictional fact or, more commonly, when the claim against the in-state defendant has no chance of success. *Poulos*, 959 F.2d at 73. An out-of-state defendant seeking removal bears a heavy burden to establish fraudulent joinder. *Id.* The defendant must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant. *Id.; B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981). The federal court must predict whether there is any reasonable possibility that plaintiff's claim against the in-state de-

fendant has a chance to succeed. *Poulos*, 959 F.2d at 73.

Neither defendant has extensively discussed fraudulent joinder. Delle Vedove briefly discusses the issue in its removal papers, but its Motion to Dismiss focuses on the issues of personal jurisdiction, venue and claim preclusion. Lindsay's motion emphasizes that Lindsay was not a party to the contract and, alternatively, that the statute of frauds bars enforcement of the contract against Lindsay. Plaintiff has not objected to removal or responded to the claim of fraudulent joinder. However, I have an obligation to determine whether federal jurisdiction exists even if no objection is made to removal, and even if both parties stipulate to federal jurisdiction. *Harris v. Provident Life & Acc. Ins. Co.*, 26 F.3d 930, 932 (9th Cir.1994). Federal courts must independently examine their own jurisdiction. *Id.*

■ Is there any possibility that plaintiff could succeed in its claims against Lindsay? Defendants argue that Lindsay was not a party to the contract between plaintiff and Delle Vedove. Of the four claims asserted by plaintiff, only two, the breach of contract claim and possibly the negligence claim, arise directly from the contract. It is reasonable to conclude that plaintiff could not recover against Lindsay on these two claims. Plaintiff, however, also brings two misrepresentation claims against Lindsay. Misrepresentation may be established under Wisconsin law if the plaintiff can show that the defendant made a false representation of fact on which the plaintiff detrimentally relied. *Gauerke v. Rozga*, 112 Wis.2d 271, 277 n. 3, 332 N.W.2d 804 (1983); Wis. JI–Civil 2400 (1996). It is possible that Lindsay could be liable for misrepresentation for statements made in connection with the formation of a contract between plaintiff and Delle Vedove. *See generally* Restatement (Second) of Torts § 531 (1977) ("One who makes a fraudulent misrepresentation is subject to liability to persons or class of persons whom he intends or has reason to expect to act or to refrain from action in reliance upon the misrepresentation."); Restatement (Second) of Torts § 535 (1997) ("One who deals with another or induces another to deal with a third person

knowing that the other is relying upon the maker's misrepresentation previously made to induce the other to act in a different and earlier transaction is subject to the same liability . . . .").

Plaintiff's case against Lindsay may be weak but I cannot say that the misrepresentation claims have no reasonable possibility of success. Defendants have not met the heavy burden required to establish fraudulent joinder. I cannot ignore that Lindsay is a defendant and that its presence defeats complete diversity. This court, therefore, lacks subject matter jurisdiction and must remand the action to state court. 28 U.S.C. § 1447(c); *Waymar Medical, Inc. v. American Medical Electronics, Inc.*, 786 F.Supp. 754, 755 (E.D.Wis.1992).

Plaintiff's case against Delle Vedove appears to belong in North Carolina courts if it is not barred by claim preclusion. Without subject matter jurisdiction, however, I have no power to address these issues. Remanding the case to state court is required even when it appears that the case will subsequently be dismissed by the state court. *Smith v. Wisconsin Dept. of Agric. Trade & Consumer Protection*, 23 F.3d 1134, 1139 (7th Cir.1994).

**THEREFORE, IT IS HEREBY ORDERED** that this action is remanded to the Circuit Court of Fond du Lac County, Wisconsin.