**James L. BARNHOUSE, Plaintiff,**

v.

**PETROLITE CORPORATION, et al., Defendants.**

**Civ. A. No. V–88–42.**

United States District Court,
S.D. Texas,
Victoria Division.

Aug. 23, 1988.

As Amended Dec. 28, 1988.

Jim Cole, Cole McManus Cole Easley & Bell, P.C., Victoria, Tex., for plaintiff.

O. F. Jones, III, Victoria, Tex., for defendants.

MEMORANDUM OPINION

KAZEN, District Judge.

Presently pending before the Court is the Plaintiff's motion to remand. This case was initially filed in the District Court of Victoria County, Texas on March 3, 1986. The Plaintiff's Original Petition sought recovery of retirement benefits allegedly due him under an ERISA qualified retirement plan. The state district court has jurisdiction over a civil action brought by an ERISA plan beneficiary to recover benefits due to him under the terms of his

plan. 29 U.S.C. § 1132(e)(1). The Plaintiff subsequently filed two amended petitions, the second adding causes of action based on fraud and misrepresentation. All three pleadings clearly invoked ERISA. After receiving answers to interrogatories relating to the Second Amended Petition, the Defendant removed this case to this Court, ostensibly on the grounds of diversity of citizenship.

 A petition for removal normally must be filed within thirty (30) days from receipt of a copy of the initial pleading setting forth the claim for relief upon which the case is based. 28 U.S.C. § 1446(b). In the event that the original pleading does not indicate that the case is removable, a petition for removal may be filed within thirty (30) days after receipt of an amended pleading from which it may be first ascertained that the case is one which is or has become removable. *Id.* This case was patently removable from the time the Plaintiff filed his original petition in state court. The ERISA statute confers concurrent jurisdiction on the state and federal courts in civil actions brought by a plan's beneficiary to recover benefits due to him under the terms of the plan. 29 U.S.C. § 1132(e)(1). The defendant may not wait over two years and then seek removal on the basis of the Plaintiff's Second Amended Petition. An amendment of pleadings will not revive the period for removal if the case was previously removable, but the defendant failed to exercise his right to remove. *Wilson v. Intercollegiate (Big 10) Conference Athletic Association,* 668 F.2d 962, 966 (7th Cir.1982), *cert. denied,* 459 U.S. 831, 103 S.Ct. 70, 74 L.Ed.2d 70 (1982). Since the original complaint indicated that the action was removable, the Defendant's petition for removal filed on July 26, 1988 is not timely. Plaintiff's motion to remand is GRANTED.