**Catherine M. DAVIDSON, Plaintiff,**

v.

**LIFE INSURANCE COMPANY OF NORTH AMERICA, Defendant.**

**Civ. A. No. 88–2362–T.**

United States District Court,
D. Massachusetts.

Jan. 10, 1989.

William H. Carroll, Boston, Mass., for plaintiff.

Philip W. Riley, Law Office of Philip J. McCarthy, Boston, Mass., for defendant.

### MEMORANDUM

TAURO, District Judge.

Plaintiff, an employee of Codex Corporation, was covered by the company's disability insurance policy for an injury she suffered in 1978. Defendant, who had issued the policy, paid benefits to plaintiff only until December 4, 1979, despite plaintiff's claim of a continuing disability.

On February 16, 1984, plaintiff filed a civil action in the Middlesex Superior Court of the Commonwealth of Massachusetts, alleging that defendant had improperly withheld disability payments. In June 1988, defendant moved to dismiss the state law claim, arguing it was preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. Although plaintiff disputed ERISA's preemptive effect over her state law claim, she amended her complaint to add an ERISA count, and served defendant on September 28, 1988. On October 26, 1988 —less than 30 days after service of the amended complaint, but more than four years after service of the initial complaint—defendant removed the case to this court. The ERISA claim contained in the amended complaint formed the basis for the removal petition. Plaintiff now seeks to have the case remanded for failure to comply with the time limit for removal prescribed in 28 U.S.C. § 1446(b).

### I.

■ A removal petition must be filed within 30 days after the case first becomes removable. 28 U.S.C. § 1446(b). Failure to remove within the 30 day period waives the removal right, thus making improper a subsequent attempt to remove. *E.g., Brown v. Demco, Inc.,* 792 F.2d 478, 481 (5th Cir.1986). If this case first became removable on the basis of plaintiff's amended complaint, or if the amendment revived the previously waived right to remove, removal would have been proper. Otherwise, the removal petition would have been untimely.

### II.

■ A case is removable on the basis of a federal question only if the federal issue is apparent on the face of a well-pleaded complaint. *See* 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3722, at 231–42 (2d ed. 1985). A federal question that arises only as a defense to the complaint, such as federal preemption, normally does not satisfy the well-pleaded complaint rule. *See Id.; Metropolitan Life Insurance Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987).

■ The rule precluding removal even on preemption grounds, however, is not without exception. The Supreme Court has recognized that the preemptive effect of some federal statutes is so pervasive that any related state law action is deemed to be a federal claim. *See Avco Corp. v. Aero Lodge No. 735, International Association of Machinists & Aerospace Workers,* 390 U.S. 557, 560, 88 S.Ct. 1235, 1237, 20 L.Ed.2d 126 (1968) (Labor Management Relations Act). In such a situation, the complaint is removable as a federal question even though only a state law claim appears on the face of the complaint. *Id.*

Congress intended ERISA's preemptive effect to be as strong as the Labor Management Relations Act. *Taylor,* 107 S.Ct. at 1544–45 (reviewing ERISA's legislative history). Accordingly, *Taylor* teaches that a complaint that seeks to plead state law claims preempted by ERISA may be considered as a federal claim subject to removal. *Id.*

### III.

In considering the propriety of this removal petition, the pivotal question is whether plaintiff's initial complaint should now be deemed to have been preempted by ERISA. In her complaint, plaintiff sought damages for failure to pay disability benefits under an insurance policy established by her employer. ERISA covers any policy "established by an employer ... for the purpose of providing for its participants

676

... benefits in the event of ... disability." 29 U.S.C. § 1002(1). Plaintiff's claim, therefore, was covered by ERISA's broad preemption clause. 29 U.S.C. § 1144(a) ("the provisions of this subchapter ... shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan"). *See Pilot Life Insurance Company v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 1558, 95 L.Ed.2d 39 (1987) (state law action for improper disability claim processing, and denial of benefits under an insurance policy was preempted by ERISA).

## IV.

 Because the original complaint was preempted by ERISA, this case was removable when filed in 1984. *See Taylor,* 107 S.Ct. at 1548 (state law claim alleging a failure to pay disability benefits was removable as preempted by ERISA). Once the thirty day window for removing a case has closed, the removal right is only revived by a subsequent pleading that changes the nature of the litigation, such that the case is "substantially a new suit begun that day." *Wilson v. Intercollegiate (Big Ten) Conference,* 668 F.2d 962, 965 (7th Cir.1982). Plaintiff's addition of an ERISA claim to a lawsuit already preempted by ERISA does not change the essential nature of the litigation. Removal, therefore, was untimely. Remand is required.

An order will issue.

### ORDER

For the reasons stated in the accompanying memorandum, plaintiff's motion to remand this case to the Middlesex Superior Court of the Commonwealth of Massachusetts is hereby GRANTED.

IT IS SO ORDERED.