David A. McKINNON and Dianne
L. McKinnon, Plaintiffs,

v.

DOCTOR'S ASSOCIATES, INC., d/b/a
Subway, a Connecticut corporation,
Subway Restaurants, Inc., a Delaware
corporation, and Subway Equipment
Leasing Corporation, a Connecticut
corporation, Defendants.

No. 91–CV–70333–DT.

United States District Court,
E.D. Michigan, S.D.

March 29, 1991.

Edward A. Servitto, Jr., Centerline,
Mich., for plaintiffs.

Sally Lee Foley, Jeffrey A. Sadowski, Thomas A. Hallin, Troy, Mich., for defendants.

## OPINION

DUGGAN, District Judge.

### I. Factual Background

This case arises out of a dispute between a franchisor, Doctor's Associates, Inc., ("DAI") as well as the various other named defendants, and franchisees David and Diane McKinnon. (These defendants will be referred to collectively as DAI in this opinion). DAI is a franchisor of Subway submarine sandwich shops. DAI had been sued by the Michigan Attorney General's Office for failure to comply with certain provisions of the Michigan Franchise Investment Law. Under the terms of a consent judgment DAI was to offer recision to any franchisee who sought it. The McKinnons requested recision from DAI and claim they were denied it.

On December 20, 1990 DAI filed a demand for arbitration with the American Arbitration Association, to enforce certain provisions of the agreement between itself and the McKinnons, relating to royalty fees, advertising fund charges and past due charges. On December 27, 1990 DAI brought a motion in the Oakland County Circuit Court seeking to compel arbitration. On December 28, 1990 the McKinnons filed suit in Macomb County Circuit Court seeking to enjoin arbitration. Plaintiffs also filed a complaint seeking to rescind the franchise agreements with DAI pursuant to the terms of the consent judgment, as well as alleging that defendants were in violation of the consent judgment and the Michigan Franchise Investment Law. DAI had a previously pending action in Oakland County Circuit Court involving amounts allegedly owed by the McKinnons under a sublease. DAI stipulated to dismiss its claim in Oakland and consolidate its action with the pending action in Macomb. On January 14, 1991, DAI filed a motion to compel arbitration in the Macomb County Circuit Court. DAI sought to compel arbitration, both of its previously filed arbitration claims, and of the claims listed in plaintiffs' complaint filed with the Macomb Court.

A show cause hearing was held by the Macomb Court on January 22, 1991 on why the arbitration proceedings commenced by defendants should not be enjoined. The Court granted a preliminary injunction in favor of plaintiffs, enjoining arbitration. The defendants requested a stay of the state court proceedings pending an appeal. January 22, 1991 Hearing ("Hr.") at 41–42. On January 24, 1991 defendants removed the case to federal court. On January 28, 1991 defendants sent a letter to the American Arbitration Association stating that since the case had been removed there was no longer an impediment to arbitration and arbitration could proceed. Plaintiffs argue that defendants' actions prior to removing this matter indicate that they have waived their right to removal.

### II. Legal Analysis

■ A defendant who has a right to remove an action to federal court may waive that right by actions indicating that he has submitted to the jurisdiction of the state court. *Bolivar Sand Co., Inc. v. Allied Equipment, Inc.*, 631 F.Supp. 171 (W.D.Tenn.1989). Such a waiver however, must be clear and unequivocal. *Regis Associates v. Rank Hotels Ltd.*, 894 F.2d 193, 195 (6th Cir.1990). A defendant may indicate that he is submitting to the jurisdiction of the state court by making affirmative use of the processes of the state court. *Rose v. Giamatti*, 721 F.Supp. 906, 922 (S.D.Ohio 1989). "The basis for this rule of law is that it is unfair to permit a party to experiment with his case in state court, and, upon adverse decision, remove the case for another try in federal court." *Id.* (citing *Bolivar Sand Co., Inc. v. Allied Equipment Inc.*, 631 F.Supp. 171 (W.D.Tenn.1986)).

■ Merely defending against a temporary restraining order or request for an injunction in state court is not sufficient to constitute a waiver of the right of removal. *Rose* at 922–23; *Bolivar* at 173; *Bedell v. H.R.C., Ltd.*, 522 F.Supp. 732, 738 (E.D.Ky.

1981). However, a "waiver will occur if the defendant files a permissive pleading seeking affirmative relief or takes affirmative action resulting in an adjudication on the merits of an issue which could result in the dismissal of the action in whole or in part." *Rose* at 923; *Bedell* at 738. However, the mere filing in state court of a pleading raising a defense which might be conclusive on the merits is insufficient to find a waiver; rather there must be action on the part of defendants resulting in a decision on the merits on that defense. *Bedell* at 739.

In *Bedell, supra,* the plaintiffs sought temporary and permanent injunctive relief against defendants' construction of a low-income housing project. Defendants filed a motion to dismiss the claim for injunctive relief. The state court granted a temporary injunction and defendants sought an interlocutory appeal. After filing for interlocutory review, defendants removed the case to federal court. Plaintiffs sought remand to the state court contending that defendants' actions in the state court constituted a waiver of their right to remove the case to federal court. The *Bedell* court set forth the test for determining whether or not a waiver of the right to remove has occurred.

> Although, waiver will occur if the defendant files a permissive pleading seeking affirmative relief or takes affirmative action resulting in an adjudication on the merits of an issue which could result in the dismissal of the action in whole or in part, the mere *filing* in the state court of a pleading raising a defense which might be conclusive of the merits is insufficient for waiver. There must be further action on the part of the defendant resulting in a decision on the merits of the defense.

*Bedell,* at 738.

Applying this test the court concluded that there had been no waiver. The court held that the motion to dismiss merely sought to dissolve the temporary restraining order and defendant neither requested nor received any final determination upon the ultimate merits of the controversy.

Even if defendants' motion were granted, it would not have disposed of the merits or caused a dismissal of the case. *Id.* at 739.

In *Bolivar, supra,* the plaintiff, at the close of plaintiffs' proofs, indicated an intent to "voluntarily non-suit" all nondiverse defendants, thereby leaving only defendant Detroit Diesel Allison Division of General Motors Corporation ("DDAD"). DDAD then moved for a directed verdict which was denied. The following day, DDAD made a motion for a mistrial which was also denied. DDAD then filed a petition to remove the case to federal court. The state court concluded that DDAD had waived its right to remove its action to federal court and allowed the state court proceeding to continue, resulting in a jury verdict for plaintiff. Plaintiff then filed, in federal court, a motion to remand contending that DDAD had waived its right to remove by making the motions for directed verdict and mistrial. The Court in *Bolivar* set forth the standard to be applied in determining whether or not a waiver has taken place:

> The critical factor in determining whether a particular defensive action in the state court should operate as a waiver of the right to remove is the defendants' intent in making the motion. If the motion is made only to preserve the *status quo ante* and not to dispose of the matter on its merits, it is clear that no waiver has occurred. On the other hand, if a motion seeks a disposition, in whole or in part, of the action on its merits, the defendant may not attempt to invoke the right to remove after losing on the motion.

It should be noted, however, that the "mere *filing* in the state court of a pleading raising a defense which might be conclusive of the merits is insufficient for waiver. There must be further action on the part of the defendant resulting in a decision on the merits of the defense" to waive the right to remove. *Bedell,* 522 F.Supp. at 738 (emphasis in original). Thus, if a potentially dispositive motion, such as a motion to dismiss, is made and argued by the defendant, the state court's adverse decision cannot be

"appealed" to this Court by way of removal.

*Id.,* at 173.

Applying these principles, the *Bolivar* court concluded that defendant had waived its right to remove by presenting and arguing the motions for a directed verdict and for mistrial. "Having lost that motion, defendant may not now appeal the state court's decision to this court by removal." *Id.* at 173.

Defendants rely on *Rose, supra* and *Morgan v. Nikko Securities Co. International Inc.,* 691 F.Supp. 792 (S.D.N.Y.1988) to support their contention that their right to remove the action had not been waived.

In *Rose, supra,* plaintiff contended that the defendants had waived their right of removal by seeking to appeal a temporary restraining order to the state court of appeals and by engaging in discovery and requesting an evidentiary hearing. *Id.* at 922. The *Rose* court considered *Atlanta, K. & N. Ry. Co. v. Southern Ry. Co.,* 131 F. 657 (6th Cir.), *cert denied,* 195 U.S. 634, 25 S.Ct. 791, 49 L.Ed. 354 (1904) for the proposition that "a fairly bright line exists between submitting a case for decision on its merits, and engaging in preliminary matters relating to temporary restraining orders or preliminary injunctive relief." *Id.* at 923. The court in *Rose* held that because "[d]efendants did not utilize any remedy in state court for purposes unrelated to the preliminary relief sought by Rose ..." they did not waive their right to removal by engaging in actions related to the appeal of the temporary restraining order. *Id.* In this case, however, defendants did utilize state court remedies, unrelated to the preliminary injunction, by filing a motion to compel arbitration even before plaintiffs brought their request for preliminary injunction.

In *Morgan, supra,* the defendant had served on plaintiff a notice of intent to arbitrate as provided for under New York law, a dispute concerning benefits owed under an employment contract. The plaintiff brought a special proceeding to stay the arbitration, and defendant responded by filing a cross-motion to compel arbitra-

tion. The court held that the cross-motion to compel arbitration was superfluous since once defendant served its notice of intent to arbitrate the plaintiff was required to seek a stay of arbitration or else forego being able to challenge the validity of arbitration. *Id.* at 799. The denial of plaintiff's motion to stay arbitration would have operated to give defendant all the relief which it sought, since it would have had the same effect as granting defendant's motion to compel arbitration. *Id.* at 800. The Court therefore found that defendant's cross-motion did not seek affirmative relief, and defendant did not waive its right to removal. *Id.*

*Morgan,* however, is distinguishable from the instant case on several grounds. First, the Motion to Compel Arbitration in *Morgan,* was filed in response to plaintiff bringing a special proceeding to stay arbitration. *Id.* at 794. In the instant case, defendants' motion to compel arbitration was filed prior to, rather than in response to, the request to enjoin arbitration. Additionally, the *Morgan* court found that denying plaintiff's motion to stay arbitration would have given defendant all the relief it sought through its cross-motion, since defendant's claims would proceed to arbitration. *Id.* at 800. In the instant case, however, an order denying plaintiffs' request to enjoin arbitration of defendants' claims would not have given defendants all relief sought. DAI in its Motion to Compel Arbitration filed in Macomb County Court, sought to compel arbitration of the claims raised by plaintiffs in their verified complaint, in addition to compelling arbitration of defendants' claims already before the American Arbitration Association. Defendants' Brief in Support of Motion for Order to Compel Arbitration and to Stay Proceedings Pending Arbitration at 15. Denying plaintiffs' request for injunctive relief would have operated to remove the bar to arbitrating defendants' claims; however, defendants sought the additional relief of compelling arbitration of the claims set forth in plaintiffs' complaint as well. Because DAI's Motion to Compel Arbitration was not brought as a defensive response to

220

the request to enjoin arbitration, and because a denial of the injunction would not have given defendants all relief sought, this case is distinguishable from *Morgan.*

■ This Court concludes that the test of whether or not a defendant has waived its right of removal is whether or not such defendant sought affirmative relief or took affirmative action resulting in an adjudication on the merits. *Bedell* at 738. The mere filing or raising of a defense is insufficient. There must be further action on the part of the defendant resulting in a decision on the merits of the defense to waive the right to remove. *Bolivar* at 173. This Court believes that defendants, in this case, took such "affirmative action" resulting in a decision on the merits of their "defense."

Defendants filed a motion to compel arbitration with the Oakland County Circuit Court on December 27, 1990, *before* plaintiffs filed suit seeking injunctive relief in the Macomb County Circuit Court. Defendants' action in filing a motion to compel arbitration in Oakland County can hardly be categorized as a "defensive pleading." Furthermore, had defendants believed that the federal court was the appropriate forum, they could have filed a motion to compel arbitration under 9 U.S.C. § 4, in this Court, rather than in the Oakland County Circuit Court.

Even defendants' subsequent motion to compel arbitration filed in the Macomb County Circuit Court on January 14, 1991, was a permissive pleading. Defendants were not required to file this pleading in order to defend the state court action seeking to enjoin arbitration. The motion to compel arbitration, filed in the Macomb County Circuit Court, sought the affirmative relief of compelling the plaintiffs to submit their claims to arbitration. These motions went beyond seeking to preserve the status quo by contesting plaintiff's request to enjoin arbitration, and affirmatively sought a court order to compel arbitration of both defendants' and plaintiffs' claims. Had defendants achieved the de-

sired result, an order compelling arbitration, the dispute between the parties as to the arbitrability of their agreement would have been decided on the merits by the Circuit Court. The dispute between the parties as to the recision of the agreement under the consent judgment and violations of the consent judgment and the Michigan Franchise Investment Law would have been resolved by arbitration, rather than by the Circuit Court, giving the same effect as a dismissal of these claims by the Circuit Court.[1] Therefore, this Court finds that defendants went beyond merely defending against plaintiffs' request for a preliminary injunction by filing a permissive pleading seeking affirmative relief, and an adjudication on the merits of the arbitrability of the claims set out in plaintiffs' complaint. It was only after the denial of this relief that defendants sought to remove this case to the federal court.

Defendants sought a final determination on the ultimate controversy, i.e. whether their dispute with plaintiffs was required to be submitted to arbitration. The Macomb County Circuit Court recognized this at the time of the hearing, stating:

> Now I'm being asked by defendants to enforce a portion of that rescinded contract: to-wit, the arbitration clause.

Hr. at 41. At the January 22, 1991 hearing defendants did not simply argue why a preliminary injunction should not be granted, but also argued as to why the dispute between themselves and plaintiffs was required to be submitted to arbitration.

In this Court's opinion, these actions indicated an intent on the part of defendants to submit to the jurisdiction of the state court, and waive their right to remove the case to this Court.

For the reasons set forth above, plaintiffs' Motion to Remand this case to the Macomb County Circuit Court must be granted.

Circuit Court.

---

1. Issues would have remained as to the lease action, which was transferred from Oakland