**Daniel PEARSON, Plaintiff,**

v.

**GERBER PRODUCTS COMPANY, et al., Defendants.**

**Civ. No. 92–2013.**

United States District Court, W.D. Arkansas, Fort Smith Division.

April 1, 1992.

David Charles Gean, Gean, Gean & Bean, Fort Smith, Ark., for plaintiff.

Joel D. Johnson, Warner & Smith, Fort Smith, Ark., for defendants.

## MEMORANDUM OPINION

MORRIS SHEPPARD ARNOLD, District Judge.

In September, 1991, Daniel Pearson brought suit in state court, alleging that his employer and his employer's group health insurer had breached their insurance contract by refusing to pay certain claims related to his daughter. In December, 1991, Mr. Pearson amended the complaint to add a claim for the tort of bad faith. In January, 1992, the defendants removed the case to this court.

Mr. Pearson now moves to remand the case to state court, contending that removal was untimely. The motion will be granted.

\* \* \* \* \* \*

When the defendants removed the case to this court, they cited as their basis for removal the fact that the plaintiff's claim was governed by the Employee Retirement Income Security Act (ERISA), *see* 29 U.S.C. §§ 1001–1461. The defendants contended in their notice of removal that because the claim was governed by ERISA, the court had federal question jurisdiction. *See* 28 U.S.C. § 1441(b); *see also* 28 U.S.C. § 1331.

■ Mr. Pearson argues that if the case was governed by ERISA in January, 1992, it was also so governed in September and October, 1991, and could have been removed at that time. Mr. Pearson contends, therefore, that the period for removal had run by the time the case was brought to this court.

Removal must be effected within 30 days of the "initial pleading" in state court. *See* 28 U.S.C. § 1446(b). "If the case stated by the initial pleading is not removable," removal must be effected within 30 days of the pleading "from which it may first be ascertained that the case is one which is or has become removable." *Id.* The threshold question for the court, then, is when this case became removable.

The original complaint, filed in September, 1991, was phrased in terms of breach

of contract under state law. The court believes, and all parties evidently agree at this point, that ERISA preempts that claim and, in essence, transforms it into one for recovery of benefits due, *see* 29 U.S.C. § 1132(a)(1)(B). *See Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 47–48, 107 S.Ct. 1549, 1552–1553, 95 L.Ed.2d 39 (1987). The court finds, accordingly, that the case as originally filed in September, 1991, was removable, because the substance of the claim presented a federal question. *See* 14A C. Wright, A. Miller, and E. Cooper, *Federal Practice and Procedure: Jurisdiction* 2d § 3722 at 242–43 (1985); *see also id.*, § 3722 at 271–75, and *id.*, § 3722 at 32 (1991 Supp.).

█ The plain language of 28 U.S.C. § 1446(b) states that an amended pleading will create a right to removal "[i]f the case stated by the initial pleading is not removable." The original complaint in this case was removable, as the court has noted. That conclusion seems to bar the removal effected in this case. As the commentators advise, however, even a case that was originally removable but was not removed may become subject to a revival of the right to remove if an amendment "provides a new basis for removal or changes the character of the litigation so as to make it substantially a new suit." *See* 14A Wright, Miller, and Cooper, § 3732 at 525. This is because in construing the statute, the courts have recognized that "a willingness to remain in a state court to litigate a particular claim should not be interpreted as a willingness to remain in a state court to adjudicate a different claim." *See id.*, § 3732 at 525–26. The question in this case becomes, then, whether the addition of the bad-faith tort claim either provided a new basis for removal or substantially altered the nature of the suit.

The defendants first argue that the addition of the bad-faith tort claim provided a new, independent basis for removal. The cases cited in support of this argument, however, are not on point. It is true that in both *Craig Food Industries, Inc. v. Taco Time International, Inc.*, 469 F.Supp. 516, 521 (D.Utah 1979), and *Hearst Corp. v. Shopping Center Network, Inc.*, 307 F.Supp. 551, 555 (S.D.N.Y.1969), the court acknowledged that the addition of a new claim could provide a new basis for removal. In both of those cases, however, the original complaint was apparently removable only on diversity grounds, and the additional claim arguably presented a federal question. *See Craig Food Industries, Inc.*, 469 F.Supp. at 520–21, and *Hearst Corp.*, 307 F.Supp. at 555.

In the case at bar, the original complaint was removable on federal question grounds, since it stated a claim under ERISA. It may also have been removable on diversity grounds; the pleadings do not contain enough information for the court to determine that. Whether the bad-faith tort claim is preempted by ERISA or remains a state claim, the addition of that claim provided no new source of federal jurisdiction that had not been present earlier. The court turns, then, to a consideration of whether the additional claim substantially altered the nature of the suit.

The defendants argue that the bad-faith tort claim transformed the suit from one for restitution for benefits into one alleging "dishonest, malicious and oppressive misconduct," *see* defendants' response at 3, or "negligence and malicious and intentional mismanagement of the plan," *id.* at 5. The defendants contend that this transformation is analogous to one from a demand for an accounting to an allegation of fraud. *See Henderson v. Midwest Refining Co.*, 43 F.2d 23, 25 (10th Cir.1930). The court does not agree, for in *Henderson*, the plaintiff abandoned the claim for an accounting in favor of a claim for tort damages. In the present case, the plaintiff has merely added an additional charge as to the alleged breach of contract already pleaded. The basic charge—that the defendants failed to handle properly his insurance claim—remains the same.

█ Furthermore, the court has no doubt that the bad-faith tort claim is also preempted by ERISA. *See, e.g., Pilot Life Insurance Co.*, 481 U.S. at 47–48, 57, 107 S.Ct. at 1552–1553, 1558. The addition of a second claim preempted by ERISA to an-

other claim preempted by ERISA does not, in the court's view, change "the character of the litigation so as to make it substantially a new suit," 14A Wright, Miller, and Cooper, § 3732 at 525. *See, e.g., Davidson v. Life Insurance Co.,* 716 F.Supp. 674, 676 (D.Mass.1989); *see also Wilson v. Intercollegiate (Big Ten) Conference Athletic Association,* 668 F.2d 962, 966 (7th Cir.1982), *cert. denied,* 459 U.S. 831, 103 S.Ct. 70, 74 L.Ed.2d 70 (1982), and *Barnhouse v. Petrolite Corp.,* 700 F.Supp. 16, 17 (S.D.Tex. 1988).

The court holds, therefore, that removal was untimely. The case is, accordingly, remanded to the Circuit Court of Sebastian County, Arkansas.