**POTTY PALS, INC., Plaintiff,**

v.

**CARSON FINANCIAL GROUP, INC., Defendant.**

**No. LR–C–95–045.**

United States District Court,
E.D. Arkansas,
Western Division.

April 28, 1995.

James Calman McCastlain of Williams & Anderson, Little Rock, AR, for plaintiff.

Michael E. Aud of Anderson & Kilpatrick, Little Rock, AR, and Jane E. Dillinger, Cheryl M. Jerome, and Joel Held all of Mankoff, Hill, Held & Metzger, Dallas, TX, for defendant.

## ORDER

ROY, District Judge.

Now before the Court is the plaintiff's motion to remand. Plaintiff originally filed its complaint in the Circuit Court of Pulaski County, Arkansas on August 5, 1994. The defendant's agent was served on August 9, 1994. The defendant answered and counter-claimed on September 9, 1994.

On December 27, 1994, the plaintiff filed an amended complaint together with an Application for an Injunction and contemporaneously moved to transfer the matter to Pulaski County Chancery Court. Defendant filed a notice of removal on January 24, 1995, twenty-eight days after the amended complaint was filed but 168 days after defendant was served with the summons and complaint or "initial pleadings" in this action.

On February 6, 1995, the plaintiff moved to remand this case to state court, essentially arguing that the defendant's removal of the case was untimely since it occurred more than 30 days after defendant had been served, as required by 28 U.S.C. § 1446(b). The defendant resists remand, claiming that the amended complaint so altered the character of the lawsuit that the 30 day "window" for remand reopened with the filing of the amended complaint.

The proper procedure for removing a civil action from state court to federal district court is found at 28 U.S.C. § 1446. The portion of the statute relating to when an action must be removed is set out, in pertinent part, below:

> **(b)** The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant ... of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based....
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant ... of a copy of an amended pleading ... from which it may first be

ascertained that the case is one which is or has become removable,....

28 U.S.C. § 1446(b).

Because "[t]he parties are in agreement that the lawsuit has always been removable," *Defendant's brief in support of its response to motion to remand,* the latter paragraph is inapplicable. Thus, the removal period began when the defendant was initially served and ended 30 days later. Defendant's notice was out of time unless some exception to the statutory language exists.

A party's right to remove may be revived if "the plaintiff files an amended complaint that so changes the nature of his action to constitute 'substantially a new suit begun that day.'" *Wilson v. Intercollegiate (Big Ten) Conference,* 668 F.2d 962, 965 (7th Cir. 1982), *cert. denied,* 459 U.S. 831, 103 S.Ct. 70, 74 L.Ed.2d 70 (1982), quoting *Fletcher v. Hamlet,* 116 U.S. 408, 410, 6 S.Ct. 426, 427, 29 L.Ed. 679 (1886). The Court must therefore compare the original and amended complaints to determine if the latter "substantially altered the nature of the suit." *Pearson v. Gerber Products Co.,* 788 F.Supp. 410, 412 (W.D.Ark.1992).

The original complaint was filed in Circuit Court pursuant to the Arkansas Declaratory Judgments Act, Ark.Code Ann. § 16–111–101, *et seq.* The plaintiff sought a declaration "that the defendant breached a certain distribution agreement between [the two parties], and that defendant failed to perform other contractual obligations arising from the distribution agreement." Plaintiff also sought a declaration that "the distribution agreement is terminated in all respects," and also sought money damages, plus attorney's fees and costs.

In the amended complaint, the plaintiff asked for the identical relief set out in the paragraph above, plus "a preliminary and permanent injunction directing defendant to return plaintiff's property and to cease and desist activities pertaining to plaintiff." No other "new" relief was sought which was not included in the original complaint. However, the request for an injunction necessitated the transfer of the case from circuit court to chancery court, which was accomplished by

**210**

the order of the Hon. John B. Plegge, Circuit Judge on January 18, 1995.[1]

The reason a defendant's right to remove can be revived if an amended complaint "substantially alters" a lawsuit is because:

> the courts have recognized that "a willingness to remain in a state court to litigate a particular claim should not be interpreted as a willingness to remain in a state court to adjudicate a different claim." *See* 14A Wright, Miller, and Cooper, § 3732 at 525–26. The question in this case becomes, then, whether the addition of the [request for an injunction] either provided a new basis for removal or substantially altered the nature of the suit.

*Pearson,* 788 F.Supp. at 412.

Adding the request for an injunction did nothing to create a new basis for removal. The Court further finds that the basic nature of the suit has not been changed by the request for the injunction. Plaintiff has always and consistently prayed for the dissolution of the contractual relationship between it and the defendant because the defendant allegedly breached the contract. Asking that the defendant be ordered to "cease and desist activities pertaining to the plaintiff" and further to return property belonging to the plaintiff which may be somewhere in defendant's distribution "pipeline" (the contract in question is a distribution agreement) is wholly in character with the complaint as originally filed.

Because the Court finds that the basic nature of this case was not changed at all by the filing of the amended complaint, or if it was, not to the degree "to make it substantially a new suit," the Court holds that the right to remove was not revived by the filing of the amended complaint.

Accordingly, the case was not removed in a timely manner per § 1446 and must be, and hereby is, remanded to the Chancery Court of Pulaski County.

IT IS SO ORDERED.

---

1. Under Arkansas law, an injunction is an equitable remedy over which Chancery Court has juris-diction. *Manitowoc Remanufacturing, Inc. v. Vocque,* 307 Ark. 271, 819 S.W.2d 275 (1991).