Carlos M. HERNANDEZ–LOPEZ, et al., Plaintiffs,

v.

COMMONWEALTH OF PUERTO RICO, et al., Defendants.

Civil No. 98–2314(PG).

United States District Court, D. Puerto Rico.

Dec. 9, 1998.

Mario Pabón–Rosario, San Juan, PR, for Plaintiffs.

Ramón Walker–Merino, San Juan, PR, Pedro A. Delgado–Hernández, Hato Rey, PR, Gustavo A. Gelpí, San Juan, PR, for Defendants.

### OPINION & ORDER

PEREZ–GIMENEZ, District Judge.

Before this Court are defendants' notice of removal (Dkt.1), plaintiff's opposition to removal and request for remand and for sanctions (Dkt.9), PDP's motion to remand (Dkt.10) and defendants' opposition to remand (Dkt. 14 and 15). The following events transpired prior to the present status of the case at bar:

1. September 11, 1998: Plaintiffs filed a complaint before this Court alleging violations of their federal rights. This action was eventually dismissed by voice of the Honorable Judge Cerezo. *Hernández López v. Melecio*, Civil No. 98–2031(CC).

2. September 14, 1998: A parallel complaint was filed in the Superior Court of the Commonwealth of Puerto Rico.

3. October 16, 1998: Defendants filed notice to remove the case to the Federal District Court for the District of Puerto Rico.

4. November 6, 1998: This Court, by voice of the Honorable Judge Casellas, issued an order remanding the present matter to the Superior Court. *Her-nández López v. Commonwealth of Puerto Rico*, Civil No. 98–2157(SEC).

5. November 17, 1998: Plaintiffs filed a "Petition for Writ of Prohibition and Certification" before the Supreme Court of Puerto Rico.

6. November 18, 1998: Co-defendant Commonwealth of Puerto Rico filed an answer to the complaint.

7. November 20, 1998, at 7:40 PM: The Supreme Court of Puerto Rico issued a writ of prohibition ordering an expedite resolution of the matter at the Superior Court.

8. November 20, 1998, at 8:19 PM: Co-defendant Commonwealth of Puerto Rico filed a notice of removal based on plaintiffs' inclusion of a federal case in their "Petition for Writ of Prohibition and Certification" filed with the Supreme Court.

9. November 23, 1998: This Court, by voice of the hereby undersigned, issued an order enjoining all proceedings at the Superior Court and enjoining plaintiffs from pursuing their claim in any Commonwealth court until the Court addresses the merits of the removal.

10. November 24, 1998: Codefendant State Elections Board joins in the removal.

11. December 2, 1998: The Court heard oral arguments as to the present controversy.

### Factual Background

On August 17, 1998, Law 249 was enacted providing for the occurrence of a plebiscite to petition to the United States' Congress such political status as the people of Puerto Rico would choose by means of exercising their right to vote on December 13, 1998. One of the options available on the plebiscite ballot is the Free Association status. Carlos Hernández López (hereinafter referred to as "Hernández"), in his capacity as president of the Frente Autonomista Mayagüezano (hereinafter referred to as "FAM"), applied to the State Elections Commission (hereinafter re-

ferred to as "SEC")[1] so that FAM could officially represent the Free Association status option. On September 3, 1998, the SEC denied plaintiffs' application to represent the Free Association status option because FAM was not in compliance with Article 10(1) of the Law. Article 10(1) states the following:

The State Elections Commission shall proceed to issue a certification crediting said petition, as long as the group, organization, or entity would comply with the following requirements:

1) If as of the date of its certification by the State Elections Commission, said group, organization or entity had a judicial personality at the time this Act was enacted and had a public and acknowledged background of defending the option at bar.

As a result of this denial, FAM filed the present lawsuit alleging that the "incorporation requirement" of Law 249 is unconstitutional under various provisions of the Constitution of Puerto Rico. In their complaint, plaintiffs have not explicitly referred to any federal law; only in their petition to the Supreme Court of Puerto Rico did plaintiffs make a reference to one federal case. The issue at bar is whether defendants properly removed the present case to the federal forum.

### Discussion

Plaintiffs make four arguments in favor of remanding this case to the Superior Court of the Commonwealth of Puerto Rico. First, plaintiffs allege that removal was improper as it was supposedly not agreed upon by all the defendants. Second, plaintiffs argue that the defendants waived their right to remove this matter by their actions in the Superior Court. Third, plaintiffs claim that the notice of removal is not valid because it was allegedly filed more than thirty days after the filing of the original complaint. Finally, plaintiffs assert that defendants' grounds for removal lack merit because the citation of *Eu v. San Francisco County Democratic Central Committee,* 489 U.S. 214, 109 S.Ct. 1013, 103 L.Ed.2d 271 (1989) is not sufficient for this

Court to exercise its jurisdiction. Each of these arguments shall now be addressed accordingly:

### A. All the Defendants Who Had Been Summoned Agreed with the Removal

"It is a well-established rule under 28 U.S.C. § 1441 that all the defendants who are necessary and not merely nominal parties must be joined in the removal petition." *Ponce Federal Bank v. Instituto Medico del Norte,* 643 F.Supp. 424, 425 (D.P.R.1986) (citations omitted); *see also Nannuzzi v. King,* 660 F.Supp. 1445, 1447 (S.D.N.Y.1987); *Production Stamping Corp. v. Maryland Casualty Co.,* 829 F.Supp. 1074, 1076 (E.D.Wis. 1993). However, it is also well settled that a defendant need not join in a removal if it has not been served with process at the time the removal notice is filed. *See Farias v. Bexar Cty. Bd. of Trustees for M.H.M.R. Serv.,* 925 F.2d 866, 871 (5th Cir.), *cert. denied,* 502 U.S. 866, 112 S.Ct. 193, 116 L.Ed.2d 153 (1991); *P.P. Farmers' Elevator Co. v. Farmers Elevator Mutual Ins. Co.,* 395 F.2d 546, 547–8 (7th Cir.1968); *Nogueras–Cartagena v. Roselló–González,* 182 F.R.D. 380 (D.P.R.1998). The rationale for such rule is that a defendant may never be served, or may be served after the time has expired for a defendant who has been served to apply for removal, and unless the latter can make an effective application alone, his right to removal may be lost. *Milstead Supply Co. v. Casualty Ins. Co.,* 797 F.Supp. 569 (W.D.Tex.1992).

At the time that the notice of removal was filed by the Commonwealth of Puerto Rico (hereinafter referred to as "Commonwealth") on November 20, 1998, plaintiffs had served with process the Commonwealth and the SEC. On November 24, the SEC joined in the removal. (Dkt.8). Therefore, none of the political parties nor any other entities had to join in the removal in order for the same to be valid.

### B. Defendants' Actions in the Superior Court Did Not Constitute a Waiver of Their Right to Remove

The right to remove a case to federal court may be waived by acts taken in the

---

**1.** The terms "State Elections Board" and "State Elections Commission" are used interchangeably throughout this opinion.

state court, subsequent to the creation of the right to remove or to the fact that it is apparent that the case is removable, that indicate the defendant has invoked the jurisdiction of the state court or has taken actions that manifest the defendant's intent to have the case adjudicated in state court. *See* 16 *Moore's Federal Practice* § 107.18[3][a]; 1 A J. Moore and B. Ringle, *Moore's Federal Practice*, ¶ 0.157[9](2nd ed.1995); *Fain v. Biltmore Securities, Inc.*, 166 F.R.D. 39, 40 (M.D.Ala.1996). A defendant will be deemed to have waived the right of removal where the removal is, in essence, an appeal from an adverse ruling of the state court. *Id., citing Bolivar Sand Co. v. Allied Equipment, Inc.*, 631 F.Supp. 171 (W.D.Tenn.1986); *In re 73rd Precinct Station House in Borough of Brooklyn City of New York*, 329 F.Supp. 1175, 1178 (D.C.N.Y.1971); *McKinnon v. Doctor's Associates, Inc.*, 769 F.Supp. 216 (E.D.Mi.1991).

■ Nevertheless, an intent to waive the right to remove to federal court and to submit to state court jurisdiction must be clear and unequivocal, and the defendant's actions must be inconsistent with the right to remove. *Id.* Participating in state court proceedings constitutes a waiver of the removal right only when the defendant is not compelled to take the action. *Id.*

■ Defendants submitted an answer, a motion and memorandum (all of which were requested by the Court of First Instance), a show-cause motion requested by the Puerto Rico Supreme Court, and a limited interrogatory, provided for by the local trial court prior to plaintiffs' writ filing. Said actions fail to meet the standard required to demonstrate that a party has waived its right of removal. *Estevez–Gonzalez v. Kraft*, 606 F.Supp. 127 (S.D.Fla.1985) (motion for extension of time, answer, service of interrogatories insufficient to infer waiver); *Rose v. Giamatti*, 721 F.Supp. 906, 922–923 (S.D.Ohio 1989) (opposition to injunctive relief, discovery and appellate review of adverse order do not waive right to removal).

Plaintiffs note that the day following their filing of the petition for writ of prohibition before the Supreme Court of Puerto Rico, the Commonwealth filed a motion to dismiss before the local Court of First Instance. Plaintiffs, however, fail to recognize the fact that the Court of First Instance on November 13, 1998, had ordered defendants to file on or before November 18, 1998, motions discussing all procedural and legal issues relevant to this case. *See* Minute of State Court Proceedings at p.3. Plaintiffs would want this Court to infer waiver because the day after they filed their writ, defendants acted in compliance with local judicial orders. Neither defensive pleadings nor motions to preserve the *status quo ante* waive the right to removal. *McKinnon v. Doctor's Associates*, 769 F.Supp. 216, 218 (E.D.Mich.1991); *Rose v. Giamatti, supra.*

■ Plaintiffs' contention that the removal to this Court of their action constitutes an appeal from an adverse judgment of the Puerto Rico Supreme Court is also meritless. Defendants have never challenged the Commonwealth Supreme Court's issuance of a writ of prohibition to the Commonwealth court. Rather, via the removal mechanism, defendants have asserted a federal statutory right to have a new federal claim brought against it in federal court. The exercise of this right in no way deprives the plaintiffs of obtaining a victory on the merits of their claims against defendants.

*C. The Notice of Removal Was Timely Filed in Compliance with 28 U.S.C. § 1446(b)*

Section 1446(b) of 28 U.S.C. provides:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

*If the case stated by the initial pleading is not removable, a notice or removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading,*

*motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.* (Emphasis added).

■ In order for a case to be removed on the basis that the grounds for removal were not apparent from the initial pleading, the amended pleading, motion, order or other document must be such that "so changes the nature of the action as to constitute substantially a new suit begun that day." *Wilson v. Intercollegiate (Big Ten) Conference Athletic Association,* 668 F.2d 962 (7th Cir.1982) (court did not accept removal even though the added claim was a claim under 42 U.S.C. § 1983), *cert. denied,* 459 U.S. 831, 103 S.Ct. 70, 74 L.Ed.2d 70 (1982), (citation omitted). *See also Potty Pals, Inc. v. Carson Financial Group,* 887 F.Supp. 208 (E.D.Ark.1995); *Davidson v. Life Insurance Co. of North America,* 716 F.Supp. 674 (D.Mass.1989).

■ Plaintiffs cling to *Wilson* to support their claim that their inclusion of the *Eu v. San Francisco County Democratic Central Committee,* 489 U.S. 214, 109 S.Ct. 1013, 103 L.Ed.2d 271 (1989) in ·their petition to the Supreme Court of the Commonwealth of Puerto Rico falls way short of the "substantially new suit" requirement. In *Wilson,* plaintiff filed a complaint in state court raising several federal claims. Defendant did not remove within the required thirty-day period. Plaintiff then amended the complaint to include other federal claims which prompted defendant to remove the action. The Seventh Circuit held that the removal was untimely since the addition of the new federal issues did not change the nature of the action. In the instant case, unlike *Wilson,* plaintiffs never raised any federal issues or cited any federal jurisprudence in their initial cause of action. It was only in their petition for writ of prohibition that they stated for the first time a federal issue. The removal notice was filed three days after plaintiffs had filed their petition for writ of prohibition. Hence, the removal· was well within the term provided for by § 1446(b).

■ Even though the SEC joined in the removal after the Commonwealth filed its notice, its joinder was not untimely. All that is required is for the appropriate defendants to consent within the necessary time frame. *Knickerbocker v. Chrysler Corp.,* 728 F.Supp. 460, 461–462 (E.D.Mich.1990). "The joinder requirement of section 1446 is satisfied [when] one defendant files a singular removal petition, [and] all defendants served on or before the filing of that petition thereafter timely file either their own removal petitions or their joinders in or consents to the original petition." *Id.See also Glover v. W.R. Grace & Co.,* 773 F.Supp. 964 (E.D.Tex.1991).

### D. Federal Law is Necessarily Implicated in Plaintiff's Complaint and Petition to the Supreme Court of Puerto Rico

■ A party seeking to remove a case has the burden of proving that federal jurisdiction exists. *BIW Deceived v. Local S6,* 132 F.3d 824, 831 (1st Cir.1997); *see also Boyer v. Snap–On Tools Corp.,* 913 F.2d 108, 111 (3rd Cir.1990), *cert. denied* 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991); *Transport Auditing, Inc. v. Sea–Land Service, Inc.,* 897 F.Supp. 34, 35 (D.P.R.1995). Furthermore, the removal statute should be strictly construed, and any doubts about the propriety of removal should be resolved against the removal of an action. *Varela–Fernández v. Burgos,* 15 F.Supp.2d 183, 185 (D.P.R.1998), *citing Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941), *cited in University of Rhode Island v. A.W. Chesterton Company,* 2 F.3d 1200, 1202 (1st Cir.1993).

■ "A cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan' Life Ins. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Moreover, the plaintiff is the master of his own complaint and can avoid.removal of an action by solely relying on state law in the remedies sought. *Nashoba Communications Limited Partnership No. 7 v. Town of Danvers,* 893 F.2d 435, 437 (1st Cir.1990) (citations omitted). Although plaintiffs' complaint contains no explicit allusion to any

federal law, their petition to the Supreme Court of Puerto Rico does make a direct citation to *Eu v. San Francisco County Democratic Central Committee*, 489 U.S. 214, 109 S.Ct. 1013, 103 L.Ed.2d 271 (1989).

■ Plaintiffs allege that their citation of *Eu, supra*, is not valid grounds for removal. In their petition for a writ of prohibition, plaintiffs state that Article 10 of Law 249 "violates the principle that the State has no interest whatsoever in regulating the internal structure of a political organization." (Citations omitted). (Translation ours). Whether the above contention sets forth a removable question depends on whether the same could by itself warrant relief. *See Pueblo International, Inc. v. De Cardona*, 725 F.2d 823, 825 (1st Cir.1984). If Article 10 indeed violates the federal doctrine of *Eu*, then plaintiffs would be entitled to relief. Thus, the present case is removable.

Plaintiffs also implicitly make federal claims to the Supreme Court of Puerto Rico throughout their petition for a writ of prohibition. Plaintiffs admit, for instance, that the Free Association option proposes an alternative "to resolve the problem of the political relationship between Puerto Rico and the United States." *See* Petition for Writ of Prohibition at p.16. (Translation ours). Only the United States' Congress can determine what alternatives are available to Puerto Rico to determine its present and future juridical status. *See generally Popular Democratic Party v. Commonwealth of Puerto Rico*, 24 F.Supp.2d 184 (D.Puerto Rico 1998). Plaintiffs also admit in said petition that their claim rests on "fundamental rights of freedom of expression and association." Petition for Writ of Prohibition at p.17. These rights, when combined with the issue of which alternatives are viable to define the juridical status of the Island, unavoidably require the decision maker to analyze their claim in the context of the First Amendment of the Constitution of the United States. "[A] plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Franchise Tax Bd. v.*

*Construction Laborers Vacation Trust*, 463 U.S. 1, 22, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Although plaintiffs in the case at bar failed to present necessary federal questions when they filed their petition to the Commonwealth's Supreme Court, said omission is not sufficient to defeat removal.

*E. Jurisdiction Shall Be Maintained in the Federal Forum*

■ At the hearing held by the Court on December 2, 1998, defendants Commonwealth and SEC informed the Court that two days after the plaintiffs and the Superior Court had been enjoined from proceeding any further in this removed case before any of the local courts of Puerto Rico, the plaintiffs filed a motion to the Supreme Court of Puerto Rico seeking aid of that Court's jurisdiction. In essence the plaintiffs asked the Supreme Court to pass upon merits of the defendants' second notice of removal pending before this Court.[2] Since plaintiffs' petition to the Supreme Court of Puerto Rico reveals substantially new federal claims that go beyond the mere assertion of *Eu, supra*, this Court finds that there is federal subject matter jurisdiction in the controversy at bar. Therefore, any actions hereinafter by any local court, including the Supreme Court of Puerto Rico, with respect to this matter shall be null and void, and without any legal effect. Even if we were to assume that the motion in aid of jurisdiction were not a nullity, still any pending proceedings before the Supreme Court of Puerto Rico would be removable. See *Volkswagen de Puerto Rico, Inc. v. Puerto Rico Labor Relations Board*, 454 F.2d 38, 42 (1st Cir.1972) (Standing for the proposition that a petition from an administrative agency filed in the Supreme Court "at that stage, ... would presumably be one in a 'state court' and removable at [petitioner's] behest").

Decisions by local courts, including the Supreme Court of Puerto Rico, that have lost jurisdiction once a case has been removed— or even while the district court is deciding whether removal was proper or not—cannot stand. *Eastern v. Canty*, 75 Ill.2d 566, 27

**2.** In deference to the Supreme Court of Puerto Rico, this Court chose not to include it in this Court's injunction issued to plaintiffs and to the

Superior Court of Puerto Rico, Mayagüez Part, on November 23, 1998.

Ill.Dec. 752, 389 N.E.2d 1160 (Ill.1979). *See Hyde Park Partners, L.P. v. Connolly,* 839 F.2d 837, 842 (1st Cir.1988) (Every order made by a state court once a removal has been effected is *"coram non judice,* unless its jurisdiction [has been] actually restored."), *citing Polyplastics, Inc. v. Transconex, Inc.,* 713 F.2d 875, 880 (1st Cir.1983) (Once removal has occurred "the State court shall proceed no further unless and until the case is remanded."); *Lowe v. Jacobs,* 243 F.2d 432, 433 (5th Cir.1957); *State of South Carolina v. Moore,* 447 F.2d 1067, 1073 (4th Cir.1971); *Ward v. Resolution Trust Corp.,* 972 F.2d 196, 198 (8th Cir.1992) (After removal, "only the federal district court could restore jurisdiction to the state courts."(citation omitted)); *Harris v. State,* 41 Ark.App. 207, 850 S.W.2d 41, 42–43 (1993); *Remova Pool Fence Co. v. Roth,* 647 So.2d 1022, 1024 (Fla.App. 4 Dist.1994) ("[A]ny state court proceedings on the case after removal but prior to remand are void *ab initio."* 28 U.S.C. § 1446(d)).

### F. Request for Sanctions is Unmeritorious

"An order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 42 U.S.C. § 1447(c). Since this case shall not be remanded to the Superior Court, plaintiffs' request for sanctions is inapplicable to the matter before this Court. Furthermore, defendants have not abused or misused their right to removal in order to unfairly delay proceedings.

### Conclusion

Plaintiffs' petition to the Supreme Court of Puerto Rico candidly reveals that their alleged grievance inevitably involves questions of federal law. Thus, defendants' exercise of their right to removal is valid. The December 13, 1998 plebiscite "necessarily involves the relationship between the United States and Puerto Rico and an examination of the federal laws that established Puerto Rico as a [territory] of the United States." *New Progressive Party v. Hernández–Colón,* 779 F.Supp. 646, 650 (D.P.R.1991). *See also Olguin Arroyo v. State Election Board,* 30 F.Supp.2d 183 (Opinion & Order of November 30, 1998).

**WHEREFORE,** defendants' request for removal (Dkt.1) is hereby **GRANTED;** plaintiffs' request for remand and for sanctions (Dkt.9) is hereby **DENIED;** and PDP's motion to remand (Dkt.10) is hereby **DENIED** as well.

**IT IS SO ORDERED.**