**PONCE SUPER CENTER, INC., et al., Plaintiffs**

**v.**

**GLENWOOD HOLDINGS INC., et al., Defendants.**

Civil No. 04–2252(JAG).

United States District Court, D. Puerto Rico.

Jan. 31, 2005.

Jorge Martinez–Luciano, Pedro Ortiz Alvarez Law Offices, Ponce, PR, for Plaintiffs.

Alfredo F. Ramirez–MacDonald, Hermann D. Bauer–Alvarez, O'Neill & Borges, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before this Court is Plaintiff's, Ponce Super Center Inc.'s, ("PSCI") Motion to Remand (Docket No. 3). After carefully reviewing the record, the Court **GRANTS** the Motion and **REMANDS** the case to the Puerto Rico Court of First Instance.

## PROCEDURAL BACKGROUND

On October 28, 2004, Glenwood Holdings Inc. ("Glenwood") filed a Complaint for Declaratory Judgment with this Court against defendants Ponce Super Center, Inc. ("PSCI") and Pedro Rivera Fullana, captioned *Glenwood Holdings Inc., et al. v. Ponce Super Center, Inc. Et al.*, Civil No. 04–2178(JP). On November 1, 2004, PSCI, filed a preliminary injunction and breach of contract state court action against Glenwood and members of the Estate Arjona–Siaca ("The Estate").[1] Subsequently, on November 12, 2004, Defendant Glenwood filed a Notice of Removal claiming that PSCI's state court action is a compulsory counterclaim which should have been filed in the federal action before the Hon. Jaime Pieras and that Plaintiffs' filing of the complaint is a deliberate attempt to undermine this Court's jurisdiction. Plaintiffs' Motion to Remand was duly filed on November 15, 2005.

## FACTUAL BACKGROUND[2]

On June 26, 2000, the Estate Arjona Siaca and PSCI executed a "Purchase and Sale Agreement" for the purchase and sale of a property located in Ponce, Puerto Rico. On July 20, 2001, PSCI and Glenwood executed an "Assignment of Contract" whereby PSCI assigned its interest in the "Purchase and Sale Agreement" to Glenwood, subject to compliance with several conditions.

On September 28, 2004, Glenwood, the Estate and PSCI executed an "Agreement" establishing the conditions of the closing of the purchase and sale. The agreement established that on October 5, 2004, a "pre-closing" would be carried out where "the Estate" would deliver all of the documents required and the parties would subscribe a document certifying their approval of the documents required for the final closing. The final closing was to take place on or before October 29, 2004. As part of the "Agreement", PSCI paid the sum of $125,000 not to be accredited to the purchase price, under the Estate's representation that they were ready to close.

On October 5, 2004, the Estate indicated that they were not ready for the pre-

---

1. JPE 2004–0743

2. For the sake of consistency, the factual background is related as set forth in the state court complaint.

closing because they did not have the documentation required, thus an Amended Agreement was executed wherein it was agreed that the closing would take place on October 29, 2004, or 10 days after the delivery of the documents, whichever occurred later.

On October 20, 2004, Glenwood notified PSCI that it was terminating the "Agreement for Assignment". On October 21, 2004, a PSCI official went to the offices of the Estate's legal representation to witness the closing of the purchase and sale between Glenwood and the Estate, contrary to what had been agreed upon on October 5, 2004.

At that juncture, Glenwood filed a federal action seeking a Declaratory Judgment to resolve the controversy between Glenwood and PSCI. In turn, PSCI filed a state court action seeking an injunctive remedy directed at the declaration of nullity of the land purchase agreement between Glenwood and the Estate Arjona–Siaca. In the complaint, PSCI also alleged tortious contractual interference against the Estate Arjona–Siaca. Glenwood seeks to remove the state court claim to the federal court and consolidate PSCI's state claims with the Declaratory Judgment originally filed. PSCI has timely filed a Motion to Remand, requesting an expeditious handling from this Court to avoid a possible sale of the disputed property. The Court will now address the issues before it.

## STANDARD

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending." *City of Chicago v. International Coll. of Surgeons,* 522 U.S. 156, 163–64, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997)(emphasis supplied). The removal notice "shall be filed within thirty days after receipt by the defendant, through service of otherwise, of a copy of the [Complaint]." 28 U.S.C. 1446(b).

 Federal courts are courts of limited jurisdiction. While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 391, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). When a party questions the propriety of a removal petition, the removing party bears the burden of showing that removal is proper. *See, e.g., Danca v. Private Health Care Systems,* 185 F.3d 1, 4 (1st Cir.1999) (*citing BIW Deceived v. Local S6, Industrial Union of Marine and Shipbuilding Workers of America, IAMAW District Lodge 4,* 132 F.3d 824, 831 (1st Cir.1997)). Removal statutes are strictly construed against removal. *See, Rosselló–Gonzalez v. Calderón–Serra,* 398 F.3d 1 (1st Cir.2004) (*citing Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)). When plaintiff and defendant clash about jurisdiction, uncertainties are construed in favor of remand. *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1097 (11th Cir.1994).

## DISCUSSION

 It is an established principle under 28 U.S.C. § 1441 that all defendants who are necessary and not merely nominal parties must be joined in the removal petition. *Hernandez–Lopez v. Com. of Puerto Rico,* 30 F.Supp.2d 205, 208(D.P.R.1998). However, a party who is fraudulently joined to defeat removal need not join in the removal petition and is disregarded in determining diversity of citizenship. *Polyplastics,*

*Inc. v. Transconex, Inc.*, 713 F.2d 875, 877 (1st Cir.1983).

### 1. *Fraudulent Joinder*

Glenwood's Notice of Removal claims that this Court has diversity jurisdiction over the state action pursuant to 28 U.S.C. § 1441(a)and (b). Glenwood contends that the members of the Estate Arjona–Siaca, co-defendants in the state court action, were fraudulently joined in order to defeat federal-court jurisdiction. In the motion for remand, PSCI argues that the members of the Estate Arjona–Siaca are indispensable parties to the state court action, thus defeating diversity jurisdiction since at least one defendant is a citizen of the State in which the action is brought.

The doctrine of fraudulent joinder has not been the subject of extended discussion by the First Circuit; therefore, this Court lacks an articulated standard for evaluating a claim of fraudulent joinder. *In re New England Mut. Life Ins. Co. Sales Practices Litigation*, 324 F.Supp.2d 288, 298 (D.Mass.2004). The First Circuit, however, has stated that "a finding of fraudulent joinder bears an implicit finding that the plaintiff has failed to state a cause of action against the fraudulently joined defendant." *Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875, 877 (1st Cir.1983).

 It has been established by other Circuit Courts that to prove a fraudulent joinder, the defendant must demonstrate that plaintiff is unable to state a cause of action against the non-diverse defendant in state court. *See, Travis v. Irby*, 326 F.3d 644, 647 (5th Cir.2003); *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 207 (2nd Cir.2001). In other words, the defendant must establish that there is no reasonable possibility that the non-diverse defendant could be held liable under the governing law, and the burden is a heavy one. *See*, 14B Wright, Miller & Cooper,

*Federal Practice and Procedure:* Jurisdiction 3d § 3723 (1998), *see also, Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152, 34 S.Ct. 278, 58 L.Ed. 544 (1914) (where the Supreme Court held that the showing of fraudulent joinder must be such to compel the conclusion that the joinder is without right and made in bad faith).

 In support of their "sham" defendant argument, Glenwood contends that the Estate Arjona–Siaca may never be held liable under Puerto Rico law because there is no binding contract between Glenwood and PSCI that a third-party [the Estate] could interfere with. This Court does need not delve at length into the legal defenses that the non-diverse defendant may have in the state court action. The Court only needs to find that the Plaintiff has stated a cause of action against the non-diverse defendant, and that there is a reasonable possibility of success on the merits. As it stands from the four corners of the state court complaint, and its exhibits, PSCI has effectively made a breach of contract claim against the Estate Arjona–Siaca (*See*, Exhibit D and G of Complaint). PSCI is claiming, both, damages for the breach of contract and specific performance from Glenwood and the Estate. (*See*, ¶ 30–34 of Complaint).

Accordingly, the Court finds that the Estate Arjona–Siaca is an indispensable party to the state court claim and that it defeats diversity jurisdiction in this removed action. Whether there is a binding contract between Glenwood and PSCI is an uncertainty that should be resolved in favor of the remand, especially when Glenwood has already filed a Declaratory Judgment action in federal court that may run as a parallel proceeding to the state court action.

## CONCLUSION

In light of the foregoing, the Court hereby **REMANDS** the case to the Puerto Rico Court of First Instance for further proceedings. All pending motions are **MOOT.**

IT IS SO ORDERED.